A. H. C. KOONTZ, Respondent, *v.* HANNIBAL SAVINGS AND INSURANCE COMPANY, Appellant.

1. *Policies of Insurance, when void in part; when in toto.*—The doctrine "void in part, void *in toto*" has no application to instruments or contracts which contain some forbidden vice or void parts, if the good be mixed with the bad, provided the separation can be made. The exceptions are, where a statute, by its express terms, declares the whole instrument or contract void on account of some provision which is unlawful; or where there is some all-pervading vice, such as fraud, or some unlawful act which is condemned by public policy or the common law, and avoids all parts of the transaction because all are alike infected.

2. *Policies of Insurance — False Warranty.* — Where a policy of insurance upon a certain livery stable was made to cover both the personal and real estate, and the application of the assured contained a false warranty touching encumbrances upon the real estate; and where it further appeared that the personal property was separately valued and appraised, and nothing showed that the representation as to the encumbrances upon the stable formed any inducement to the execution of the policy covering the personal property: *held,* that the assured might recover the value of the latter, although the policy was rendered void as to the real estate by reason of such false warranty.

*Appeal from Cooper Circuit Court.*

This action was upon a policy of insurance issued by defendant upon the livery stable and other property of plaintiff in the city of Boonville, Cooper county. The policy issued by defendant contained the following clause in reference to the application for insurance and the description of property: "The application and description referred to in this policy shall be considered a part of this contract and a warranty by the assured; and any false representation by the assured of the condition, situation, or occupancy of the property, or otherwise, or any omission to make known any fact material to the risk, or any over-valuation, or any misrepresentation whatever, either in the written application or otherwise, shall render this policy void and of no effect." Upon which condition, with others, it was declared in the policy that the said policy was made and accepted.

On the 21st day of January, 1866, the livery stable and its contents were destroyed by fire; and this action was brought to recover the value of the policy. Other facts material to the case appear in the opinion of the court.

*Wingate & Brady,* and *Adams,* for appellant.

The respondent's answer to the question propounded to him in his application for insurance, during the existence of any encumbrance upon the property, constituted a warranty both by the terms of the policy and the application which formed a part of the policy, and was in the nature of a condition precedent to any recovery upon the policy. It was untrue when made. The encumbrance upon the estate, existing in favor of Myers, was a breach of the warranty, and a complete bar to any recovery for any part of the loss, either for the real or personal property. (3 Kent's Com. 288 ; Ang. on Ins. §§ 139, 140, 141, 142 *a.*, 148 ; Ellis on Fire and Life Ins., Shaw's ed., 81 ; see, also, the provisions of the policy sued on, which prevent any recovery at all in this case ; Loehner v. Home Mut. Ins. Co., 17 Mo. 250 ; Lit. & Blach. Dig. Fire Ins. Dec. 167, § 2 ; Friesmuth v. Agawam Mut. Ins. C., 10 Cush., Mass., 587 ; Lee v. Howard Fire Ins. Co., 3 Gray, Mass., 583 ; Smith v. Empire Ins. Co., 25 Barb. 497 ; Lovejoy v. Augusta Mut. Fire Ins. Co., 45 Me. 472 ; Richardson v. Maine Ins. Co., 46 Me. 394 ; Hutchison v. The Western Ins. Co., 21 Mo. 100, 101, etc.; Borradaile v. Hunter, 5 Man. & Gran. 639 ; Newcastle Fire Ins. Co. v. McMorran, 3 Dow. 262 ; Ang. on Ins., appendix 7 ; Arnold on Ins. 58 ; Deitz v. Mound City Ins. Co., 38 Mo. 85.

*D. A. McMillan,* and *Draffin, Hutchinson & Muir,* for respondent.

The policy of insurance covered the livery stable, live stock, and other personal property of the assured, but each was separately stated and appraised ; and a failure to disclose a deed of trust on the real estate, though avoiding the policy as to the stable, would not avoid it as to the live stock and other personal property insured in the same policy. The principles involved in this case are the same as those in Loehner v. Home Mut. Ins. Co., 17 Mo. 247 ; Clark v. N. E. Mut. Ins. Co., 6 Cush. 343 ; Phœnix Ins. Co. v. Lawrence *et al.*, 4 Met., Ky., 9 and 12, 3d sub. ; Trench *et al.* v. The Chenango County Mut. Ins. Co., 7 Hill, N. Y., 122.

Although the case of Trench *et al.* v. The Chenango County Mut. Ins. Co. has been reversed by the Court of Appeals of that State in the case of Wilson v. Herkimer County Mut. Ins. Co., 2 Seld., N. Y., 53, yet the principle of the divisibility of contracts of insurance, as laid down in that case, *is not controverted.*

The maxim " void in part, void *in toto* " expresses no general principle of law. On the contrary, the general rule is that the good shall stand, although mixed with the bad. And a policy of insurance may be void in part and valid in part if the subject matter is capable of being separated. (See cases above cited, and Curtis *et al.* v Leavitt, 15 N. Y. 9 ; Chitty on Cont. 692.)

WAGNER, Judge, delivered the opinion of the court.

The single point presented by the record in this case is, whether the court committed error in holding that the assured might recover the value of the personal property covered by the policy of insurance, when the policy as to the real estate was admittedly void.

The action was instituted on a policy of insurance executed by the defendant to the plaintiff, founded upon a written application made by the assured, which, by the terms of the policy, became and formed a part of the policy itself. The written application, which constituted a part of the policy, contained the following interrogatories : " What is the title ? " Answer, " Fee simple." " Is your property encumbered ? by what? and to what amount ?" Answer, " No. " The application then concluded with these words : " The foregoing is a correct description of the property to be insured, and a warranty on the part of the applicant on which the insurance will be predicated ; and the applicant hereby agrees to accept the policy hereon from said company, if this application be approved. " The policy covered a livery stable, and horses and other personal property in the same, and insured the plaintiff against loss by fire which might happen, except where the fire occurred by the negligence or design of the insured. The policy was for $5,000— one thousand dollars being on the livery stable, and the balance on the personal property. The property was separately valued and appraised, and, after the insurance attached, was all consumed by fire. The answer of the plaintiff to the

question concerning encumbrances was untrue, as there was a deed of trust upon the real estate at the time it was made. As the record stands, it is conceded by the plaintiff that the policy was void as to that property, and so the court below determined, but held it a valid and subsisting contract as to the other property. It is now contended by the counsel for the defendant that the contract was an entirety; that it was indivisible in its nature, and that if it was void in part it was void in whole. In the case of Curtis v. Leavitt, 15 N. Y. 9, the court, in speaking of instruments or contracts which contain some forbidden vice, or void parts, repudiate the doctrine expressed in the words, "void in part, void *in toto*," and declare the general rule to be, that if the good be mixed with the bad, it shall nevertheless stand, provided a separation can be made. The exceptions are, where a statute, by its express terms, declares the whole instrument or contract void on account of some provision which is unlawful; or where there is some all-pervading vice, such as fraud, or some unlawful act which is condemned by public policy or the common law, and avoids all parts of the transaction because all are alike infected. (1 Pars. on Cont., 5th ed., 457; Peltz v. Long, 40 Mo. 532.)

The present case does not come within the exceptions above stated, though there are cases deciding that the contract of insurance, predicated on policies like the one under consideration, is an entire contract, unsusceptible of division, and that a breach of warranty, avoiding a part, will invalidate all. This court, however, in a case not distinguishable from the one we are now considering, has held otherwise.

In Loehner *et al.* v. Home Mutual Ins. Co., 17 Mo. 247, it was held that although a failure to disclose an encumbrance would avoid a policy on a house insured, yet it would not avoid it as to furniture insured in the same policy, but separately appraised, unless the fact concealed was shown to be material to the risk. Where a firm obtained insurance upon a storehouse, and a stock of goods therein for a separate sum, and the interest of the insured in the house was incorrectly described, by reason of which the policy was void as to the house — in a suit brought to recover for the loss of the goods, it was decided that, in the

absence of proof that the plaintiff procured the insurance upon the house for a fraudulent purpose, or that their supposed interest in the house induced the defendant to insure the goods, the policy was not vitiated as to the insurance on the goods. (Phœnix Ins. Co. v. Lawrence *et al.*, 4 Met., Ky., 9.)

In Clark v. N. E. Mut. Fire Ins. Co., 6 Cush. 342, the policy contained a provision that when any of the property insured should be alienated, the policy should be void. Several pieces of property were insured in the same policy, though they were valued and insured separately, and one piece of property was alienated after the insurance was effected; it was held that this did not avoid the entire policy, but only rendered it void *pro tanto*.

Trench v. The Chenango County Mut. Ins. Co., 7 Hill, 122, is a case in which an action was brought on the policy issued by the defendants, by which they undertook to insure the plaintiffs $750 on their paper-mill, and the like sum on certain personal property therein. The defense was that the application did not mention all the buildings standing within ten rods of the mill, agreeably to the following condition annexed to the policy: " Such application shall contain the place where the property is situated; of what materials it is composed; its dimensions, number of chimneys, fire - places, and stoves; how constructed; its relative situation as to other buildings; distance from each if less than ten rods; for what purpose occupied; and whether the property is encumbered, by what, and to what amount; and, if the applicant has a less estate than in fee, the nature of the estate." The application for insurance described some of the buildings standing within ten rods of the property insured, but omitted to mention others situated within that distance, and it was adjudged that the condition related exclusively to applications for insurance upon buildings, and, therefore, furnished no ground of defense to the plaintiffs' claim respecting the personal property covered by the policy. The case in Hill is very much shaken by a subsequent determination in the Court of Appeals, in Wilson v. The Herkimer County Mut. Ins. Co., 2 Seld. 53; and in Smith v. Empire Ins. Co., 25 Barb. 497, a contrary doctrine is held; and the case of Brown v. The People's Mut. Ins. Co., 11 Cush

280, and other cases which we have examined in Massachusetts and Maine, are in conflict with it.

It will thus be seen, from the foregoing cases, that if there were no binding precedent in our own reports, we might adopt either view of the question and be well sustained by authority. Upon an examination of the application which made a part of the policy, there can be but little room for doubt that the warranty against encumbrances was intended to apply exclusively to the livery stable. The other property was separately valued and appraised, and there is nothing to show that the representation as to encumbrances on the stable formed an inducement to the execution of the policy covering the personal property. We consider the case of Lohner v. Home Mut. Ins. Co. binding authority, and we follow it cheerfully, because we regard it as in consonance with justice.

Judgment will be affirmed; the other judges concurring.