AMERICAN INSURANCE COMPANY, *Appellant*, v. BARNETT.

**Insurance**: MISREPRESENTATION AVOIDING POLICY NOTWITHSTANDING ADJUSTMENT, WHEN. After an insurance company had adjusted a loss and given a certificate of adjustment and promise to pay the amount, it discovered that the application misrepresented the title of the assured to the land on which the property insured was situated. The policy contained a condition that if any fact stated in the application were untrue, the policy should be void. *Held*, that the company was entitled to have the certificate and policy cancelled. A condition in the policy that "if the interest of the assured in the property, whether as owner, trustee, etc., is not truly stated, then, and in every such case, this policy shall be void," would lead to the same result.

*Appeal from St. Clair Circuit Court.*—HON. J. D. PARKINSON, Judge.

REVERSED.

*E. J. Smith* for appellant.

The misrepresentation as to the title avoids the insurance upon the house at least. *Kibbe v. Ins. Co.*, 11 Gray

163; *Abbott v. Ins. Co.*, 3 Allen 213; 9 Allen 334. The plaintiff is not concluded by having adjusted the loss. The adjustment was made in ignorance of the true state of the title; and plaintiff was not bound to take notice of the record which showed that the title was not in defendant. *Maul v. Rider*, 59 Pa. St. 167; *Losey v. Simpson*, 11 N. J. Eq. 246. *Stuyvesant v. Hall*, 2 Barb. Ch. 151; *Stuyvesant v. Hone*, 1 Sandf. Ch. 419; *Keller v. Nutz*, 5 Serg. & R. 246; *Tilton v. Hunter*, 24 Me. 29; *Bates v. Norcross*, 14 Pick. 224; *Hooker v. Pierce*, 2 Hill 650; *Whittington v. Doe*, 9 Ga. 23; *Ohio L. Ins. Co. v. Ledyard*, 8 Ala. 866; *Crockett v. Maguire*, 10 Mo. 34; *Davis v. Ownby*, 14 Mo. 170. Besides, defendant is certainly precluded from complaining that the company saw fit to place reliance upon his sworn statement, given under such circumstances, without taking the pains to examine the registry of deeds, or to resort to other extrinsic evidence to ascertain whether his affidavit was true or false. He at least is estopped to question the propriety of the company's conduct in this respect. Again: Does the breach of warranty as to the title to the building avoid the policy as to the building only, or does it render it void as to both the real and personal property insured? The prevailing doctrine in this country is, that the contract is entire, and if void as to part, is void as to the whole. *Gottsman v. Ins Co.*, 56 Pa. St. 210; *Barnes v. Ins. Co.*, 51 Me. 110; *Gould v. Ins. Co.*, 47 Me. 403; *Lovejoy v. Ins. Co.*, 45 Me. 472; *Kimball v. Ins. Co.*, 8 Gray 33; *Smith v. Ins. Co.*, 25 Barb. 497; *Lee v. Ins. Co.*, 3 Gray 583; *Associated Firemen's Ins. Co. v. Assum*, 5 Md. 165; *Friesmouth v. Ins. Co.*, 10 Cush. 587; *Fire Asso. v. Williamson*, 26 Pa. St. 196; *Day v. Ins. Co.*, 51 Me. 91; *Ramsay M'f'g Co. v. Ins. Co.*, 11 Upper Can. (Q. B.) 516; *Richardson v. Ins. Co.*, 46 Me. 394; *Brown v. Ins. Co.*, 11 Cush. 280; *Wilson v. Ins. Co.*, 6 N. Y. 53.

*W. P. Johnson* for respondent.

NORTON, J.—This is a suit instituted in St. Clair county to cancel a policy of insurance issued by plaintiff to defendants J. H. Barnett and Lizzie Barnett, and also a certificate of adjustment of loss under said policy, and a promise to pay $710, given by plaintiff to defendants, and to restrain all the defendants from negotiating or disposing of said certificate of adjustment or promise to pay. The property insured was a dwelling house situated on the east half of section 17, township 36, range 29, in Vernon county, and certain household furniture and wearing apparel in the same, the whole valued at $1,000, the house being valued at $475, and the personal property at $525. The property was destroyed by fire; the loss was adjusted and compromised at $710, for which the plaintiff gave, in writing, its promise to pay defendant J. H. Barnett on the 28th day of April, 1874. The evidence tended to show that defendants represented in their application for insurance that the fee simple title to the land on which the dwelling house was located, was in the assured. The evidence offered by plaintiff, from the records in the recorder's office of Vernon county, showed that at the time said application was made and the risk was taken, the title to the real estate was in the United States, which title was acquired by one Garrett by patent from the United States dated in 1859, which, however, was not filed for record in the recorder's office of said county till the 10th day of December, 1873, some six months after the issuance of the policy of insurance to defendants; and that so far as was shown by said records the title still remained in said Garrett. Defendants offered no evidence. It was admitted by the pleadings that it was a condition of all the policies issued by plaintiff, and was so in said policy issued to defendants Barnett and wife, that if any of the facts stated in the application were untrue said policy should be void. The court found for defendants, and dismissed the bill, and from this judgment plaintiff prosecutes his appeal.

The application for insurance, which was offered in evidence and improperly rejected by the court, showed that the fee simple title to the real estate was represented to be in Lizzie Barnett, the assured; the other evidence offered showed this representation to be untrue; and it was admitted by the pleadings that it was a condition of the policy that if any fact stated in the application were untrue the policy should be void. This being the state of the case, and the fact being that the untruthfulness of the representation as to title was not discovered till after the adjustment of the loss, the judgment of the court was clearly erroneous. The policy was unquestionably void as to the dwelling house, and under the authority of the following cases, viz: *Loehner v. Home Mutual Ins. Co.*, 17 Mo. 247; *Koontz v. Hannibal Savings & Ins. Co.*, 42 Mo. 126, it should have been so declared, and defendants should have been restrained from the collection of so much of the promise to pay as was based upon the destruction of the house.

And under the authority of the above cases, as well as the following, viz: *Gottsman v. Penn. Ins. Co.*, 56 Pa. St. 210; 51 Me. 110; 8 Gray 33; 25 Barb. 497; 5 Md. 165; 11 Cush. 280, if the further stipulation which counsel for plaintiff says was in the policy, was in fact in it, viz: " That if the interest of the assured in the property, whether as owner, trustee, consignee, factor, mortgagee, lessee or otherwise, is not truly stated,   &#42;   &#42;   then, and in every such case, this policy shall be void, and the assured shall not be entitled to recover from the company any loss or damage which may occur in or to the property hereby insured, or any part or portion thereof," plaintiff would be entitled to the full relief prayed for in the bill, and should this fact appear on a retrial of the cause in addition to the other facts adverted to herein, the court will enter such a decree as is above indicated. Judgment reversed and cause remanded, in which all concur.