REUBEN CROOK, Respondent, v. PHŒNIX INSURANCE
COMPANY OF BROOKLYN, NEW
YORK, Appellant.

### Kansas City Court of Appeals, January 6, 1890.

1. **Insurance:** WHEN WARRANTY AS TO ENCUMBRANCE AFFECTS
   REALTY—NOT PERSONALTY. Where a policy of insurance, issued on
   a gross premium for a gross sum, covers separate articles or species
   of property,—some realty,—some personalty,—and contains a
   warranty against encumbrances on the realty, which failed, such
   failure of the warranty will avoid the said policy as to the realty;
   but not as to the personalty it covers.

2. ———— : FALSE AMOUNT OF ENCUMBRANCE : SUBSEQUENT PAYMENT.
   The fact that the encumbrance was represented as five hundred
   and fifty dollars, when in fact it was six hundred and sixty dollars,
   the difference being substantial, will not relieve plaintiff on the
   ground an encumbrance was mentioned, nor will the fact that the
   encumbrance was paid after loss but before action brought.

*Appeal from the Carroll Circuit Court.*—HON. J. M.
DAVIS, Judge.

REVERSED AND REMANDED (*nisi*).

*Karnes, Holmes & Krauthoff*, for the appellant.

(1) "The contract of insurance, as all know, is a
contract of indemnity, upon the terms and conditions
specified in the policy of insurance. It is a peculiar
contract, and one of hazard purely. We may not make
a new contract for the parties, but rather it is our duty
to enforce and carry out one already made." *Mfg. Co.
v. Ins. Co.*, 21 Conn. 19, 31; *Tesson v. Ins. Co.*, 40 Mo.
33, 36. (2) The statements of the application were
expressly warranted to be true and declared to be war-
ranties and a part of the policy issued. "Statements
as to encumbrances are material and have regard to the

risk." If the amount of them is not truly stated, the policy will be void. May on Insurance [2 Ed.] sec. 290; 1 Wood on Fire Ins. [2 Ed.] pp. 300, 396, 400, 401; *Gould v. Ins. Co.*, 16 Hun. 538; 1 Wood Fire Ins. [2 Ed.] p. 397, note 1. The rule is well settled in this state that "a warranty is a part of the contract, and the matter of it must be such as it is represented to be, otherwise there can be no recovery on the policy. It is like a condition precedent. The materiality or immateriality of the fact warranted signifies nothing." *Loehner v. Ins. Co.*, 17 Mo. 247, 255, 256; *Mers v. Ins. Co.*, 68 Mo. 127, 131; *Ins. Co. v. Barnett*, 73 Mo. 364, 366; *Digby v. Ins. Co.*, 3 Mo. App. 603; *Milling Co. v. Ins. Co.*, 25 Mo. App. 259, 264; *Roberts v. Ins. Co.*, 26 Mo. App. 92, 98; *Barnard v. Ins. Co.*, 27 Mo. App. 26, 33. (3) The mortgages made subsequent to the issuance of the policy were breaches of the conditions of the contract of insurance, which made the same void. It is expressly so provided; and this provision is reasonable and proper. *Edes v. Ins. Co.*, 3 Allen, 362; *Hutchins v. Ins. Co.*, 11 Ohio St. 477; *Edwards v. Ins. Co.*, 1 Allen, 31. In such cases, the contract fails as a whole. *Ins. Co. v. Resh*, 44 Mich. 55; *Patton v. Ins. Co.*, 38 N. H. 338, 344; *Baldwin v. Ins. Co.*, 60 N. H. 422, 424. In the earlier cases of *Loehner v. Ins. Co.*, 17 Mo. 247, 258, and *Koontz v. Ins. Co.*, 42 Mo. 126, our supreme court held the contracts then before it divisible. In a later case our supreme court held the entire policy void. *Ins. Co. v. Barnett*, 73 Mo. 367. It was said that "these rules must govern the construction of a policy which provides that in a given event said policy of insurance shall be void and of no effect." *Gottsman v. Ins. Co.*, 56 Pa. St. 210, 212, 214; *Smith v. Ins. Co.*, 27 Barb. 497, 504; *Friesmuth v. Ins. Co.*, 10 Cush. 587, 590; *Plath v. Ins. Co.*, 23 Minn. 479, 482; *Hinman v. Ins. Co.*, 36 Wis. 159, 169; *Schumitsch v. Ins. Co.*, 48 Wis. 26, 30; *Witwell v. Ins. Co.*, 6 Lans. 166, 172; May on Ins. [2 Ed.]

secs. 189, 277, 228, note 3. In the case at bar, the provision was that, if the property insured was encumbered, "the policy" should be void. This means that, "if any part of the property shall be so encumbered, the entire policy shall be void." *Ins. Co. v. Assum*, 5 Md. 165, 169; *Bowman v. Ins. Co.*, 40 Md. 620, 632; *Richardson v. Ins. Co.*, 46 Maine, 394, 399; *Barnes v. Ins. Co.*, 51 Me. 110, 112 ; *Day v. Ins. Co.*, 51 Me. 91, 100, 101; *Wilson v. Ins. Co.*, 2 Selden, 53, 59, 60; *Kimball v. Ins. Co.*, 8 Gray, 33, 38; *Brown v. Ins. Co.*, 11 Cush. 280, 282; *Lee v. Ins. Co.*, 3 Gray, 583, 594; *Lovejoy v. Ins. Co.*, 45 Me. 472; *Ins. Co. v. Resh*, 44 Mich. 55, 57.

*Hale & Sons*, for the respondent.

(1) The first instruction was properly refused. *Loehner v. Ins. Co.*, 17 Mo. 247-58; *Koontz v. Ins. Co.*, 42 Mo. 126; 19 Mo. 638; 73 N. Y. 452; 102 N. Y. 260; 4 Met. [Ky.] 8; 6 Cush. 342; 54 Ill. 164; 52 Ill. 53; 10 W. Va. 507; 10 John. [N. Y.] 233; 7 Hill [N. Y.] 122; 24 Ill. 455; 14 N. C. 549, 502; 9 W. Rep. 639; Sup. Ct. of Indiana, May, 1887; *Schad v. Sharp*, 95 Mo. 573; *Erwin v. Railroad*, 96 Mo. 290; *St. Louis v. Lanigan*, 97 Mo. 175.

ELLISON, J.—This action is on a policy of fire insurance.

On the trial the plaintiff introduced in evidence the policy of insurance sued on, by which the defendant, in consideration of a gross premium, undertook to insure the plaintiff against loss or damage by fire or lightning in the gross sum of fifteen hundred and seventy-five dollars, as follows : Three hundred dollars on frame building occupied by assured as dwelling ; three hundred and seventy-five dollars on his household furniture ; two hundred and fifty dollars on his barn ; twenty-five dollars on hay in said barn ; one hundred and fifty dollars on farming utensils; one hundred dollars on grain;

twenty-five dollars on smokehouse ; three hundred dollars on horses, mules and colts ; fifty dollars on cattle.

The policy contained the following stipulations, among others: "This insurance is based upon the representations contained in the assured's application of even number herewith on file in the company's office in Chicago, Illinois, each and every statement of which is hereby specifically made a warranty and part hereof, and it is agreed that, if any false statements are made in said application, this policy shall be void ; or if the assured shall have or hereafter accept any other insurance upon the above-mentioned property, whether valid or not ; * * * or if the property *shall hereafter become mortgaged or encumbered ;* * * * then in each and every one of the above cases this policy shall be null and void." The policy was also endorsed, "mortgage of five hundred and fifty dollars permitted."

The defendant introduced the application made by the plaintiff to it for insurance upon which the policy sued on was issued, in which the property was described and classified as set out in the policy. The application asked "for insurance against loss or damage by fire or lightning in the sum of fifteen hundred and seventy-five dollars." The portions of said application relevant are as follows :

"*Interrogatory 29.* Is this property encumbered in any way? If so, how much, and when is the mortgage due? *Answer :* Five hundred and fifty dollars, due March 12, 1891. * * * I warrant the foregoing application, whether written by me in person or not, to contain a full and true description and statement of the circumstances, conditions, situation, value, encumbrances, occupation or title to property hereby proposed to be insured in the Phœnix Insurance Company, and I *warrant the answers* to each of the foregoing questions to be true." This application was signed by the plaintiff.

The loss was of the dwelling-house and the furniture. The amount of the loss on the dwelling was shown to be three hundred dollars, and on the furniture three hundred and fifty dollars, and it occurred in November, 1887.

It appeared from the testimony that there was a deed of trust on the real property upon which the dwelling was situated for six hundred and sixty dollars, dated March 12, 1883, before the policy was issued, and satisfied January 28, 1888, after the loss, but before the institution of this suit. The application for insurance which, as has been seen, was made a warranty, and so referred to in the policy, stated that there was an encumbrance of five hundred and fifty dollars on the real estate, whereas, in fact, there was a deed of trust for a greater sum, viz., six hundred and sixty dollars. Was the policy on the dwelling alone, this would be held to avoid it. For, although the encumbrance is mentioned in the application and permitted in the policy, there is a substantial misrepresentation as to the amount. When such is the fact it will defeat the policy. Wood, Fire Ins., sec. 155.

But since the policy covers several separate articles or species of property separately insured at the different amounts stated in the policy, our opinion is, the policy should only be held void as to the property, the title to which, or the encumbrance upon which, has been misrepresented. *Loehner v. Home Ins. Co.*, 17 Mo. 247; *Koontz v. Ins. Co.*, 42 Mo. 126. And this notwithstanding the insurance is for a gross sum in the aggregate and for a gross premium. It is true that in some states such contract is considered an entirety and not divisible, but it has not been so ruled with us.

We are referred to the case of *American Ins. Co. v. Barnett*, 73 Mo. 367, as having practically overruled the two cases cited. It does not do so in express terms. On the contrary those cases are cited with approval.

We must therefore conclude that the court distinguishes between the statements made in the applications as shown in the former cases and the provision quoted in the latter case as being embodied in the policy. The provision set out in the latter case was as follows: "That if the interest of the assured in the property, whether as owner, trustee, consignee, factor, mortgagee, lessee or otherwise is not truly stated, * * * then, and in every such case, this policy shall be void, and the assured shall not be entitled to recover from the company any loss or damage which may occur in or to the property hereby insured, *or any part or portion thereof.*" The italics are ours and are perhaps the words said to be lacking in the *Loehner case* to have rendered that whole policy void. In the case at bar there does not appear to be any provision, in the policy sued on, of a like character to the one quoted and we shall therefore apply the rule as laid down in the *Loehner* and *Koontz cases.*

Plaintiff contends that as he stated in his application that there was an encumbrance of five hundred and fifty dollars on the dwelling and that as there was but one encumbrance shown, though for a larger amount, the statement must have referred to the one shown in the evidence. This however would not relieve him from the misrepresentation which he warranted to be a true representation.

Nor do we see how the fact that this encumbrance was entered satisfied about two months after the loss can aid plaintiff's case. Evidence of a deed of trust subsisting unsatisfied at the trial, and dated prior to the application and policy, was *prima facie* proof that such encumbrance existed against the property for the amount stated, at the date of the policy.

From the foregoing views it results that the trial court erred in permitting plaintiff to recover three hundred dollars for the loss of his dwelling, but that a

recovery for the loss of the furniture was properly allowed. We will therefore affirm the judgment if the plaintiff will, within fifteen days, enter here a *remittitur* for said sum of three hundred dollars, the costs of this appeal being adjudged against him ; otherwise it will be reversed, and the cause remanded. All concur.