# CASES DETERMINED

BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

OCTOBER TERM, 1891:

JOHN M. HOLLOWAY, Respondent, v. DWELLING-HOUSE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, February 2, 1892.

1. **Insurance, Fire : WARRANTY.** In order to vitiate fire insurance for the breach of a warranty. it is not necessary that the insured should have made the warranty with knowledge of its falsity. The matter warranted must be such as it is represented to be ; otherwise there can be no recovery on the policy. Nor is the materiality or immateriality of the fact warranted of any significance.

2. —————— : SEPARATE VALUATIONS OF REALTY AND PERSONALTY : BREACH OF WARRANTY AS TO REALTY. A policy of fire insurance insured a building and personalty therein in separate amounts, but provided that the entire policy should be void, if the ground upon which the building stood was not owned in fee by the insured, or for misrepresentations ; it also provided that the application for the insurance should form a part of it, and constitute a warranty of the assured. The ground referred to was not thus owned in fee, and there was a breach of a warranty made in relation to the building. *Held*, that the entire policy was avoided, so that there could not be a recovery as to the personalty.

(1)

*Appeal from the Laclede Circuit Court.*—HON. W. I. WALLACE, Judge.

REVERSED (*and certified to the Supreme Court.*)

*J. P. Nixon* and *Manes & Davis,* for appellant.

*Charles H. Shubert* and *James T. Moore,* for respondent.

ROMBAUER, P. J.—The plaintiff sues upon a policy of fire insurance issued by the defendant, insuring him in the sum of $1,000, of which amount $600 was placed on his dwelling-house, $250 on the household furniture, beds and bedding therein, $50 on his smokehouse, and $100 on provisions therein. The defense interposed is breach of warranties of the policy, and false statements made in the application forming part of the policy, as to the plaintiff's title, value of the land and house, and other insurance on the premises. Upon the trial of the cause before a jury, such proceedings were had that the plaintiff recovered a judgment for $850, to reverse which the defendant prosecutes the present appeal.

The contention of the defendant is that under the conceded facts the plaintiff was not entitled to recover, and the court should have instructed the jury, as requested, to find for the defendant. The application for insurance, which is signed by the plaintiff, contains the following clauses, printed in full view immediately above the plaintiff's signature, with finger marks calling special attention to them : " *The foregoing is my own statement,* and is the correct description of the property to be insured, on which insurance will be based. * * * The company shall not be bound by any act done or statement made by or to any agent or other person, which is not contained in this, my application. * * * *Before signing, the applicant should carefully examine the foregoing questions, answers,*

*statements and warranties, as this application will be relied upon by the company in accepting or rejecting the risk."*

The words italicized are put in heavy, fat type, the most prominent of any of the type used in any part of the application. The subjects interrogated about are also all put in similar type, and among such subjects are, *first*, title to the property, *second*, size of farm, value, incumbrance, *third*, other insurance.

The policy sued upon contains the following recitals: "This entire policy shall be void, if the insured has concealed or misrepresented in writing, or otherwise, any fact or circumstance concerning this insurance or the subject thereof. * * * This entire policy, unless otherwise provided by agreement indorsed thereon, shall be void, if there is any other prior concurrent or subsequent insurance, whether valid or void on property covered, whether in whole or in part by this policy, * * * or if the subject of insurance be a building on ground not owned by insured in fee simple. * * * By the acceptance of this policy the insured covenants that the application therefor shall be and form a part hereof and a warranty by the insured, and the company shall not be bound by any act or statement made to or by any agent, unless inserted in this contract. This policy is made and accepted, subject to the foregoing stipulations and conditions, * * * and no officer, agent or other representative shall have power to waive any provisions or conditions of this policy."

The application states that the value of the property is estimated by the applicant. It states the present cash value of the house at $900. In answer to the question, "State number of acres of land owned by you, on which this property is situated, and its value per acre?" it states: "One hundred and twenty-five acres; $35 per acre." In answer to the question, "Is it incumbered in any way; if so, how much, and when is mortgage due?" it states: "$556, payable at my

option." Another question is: "What amount of other insurance, if any, is there now on the property, and in what company or companies?" The answer is, "none."

It appeared by plaintiff's own evidence that the cost of the house was not over $750 when built, and that it was five years old, and it appeared by the uncontroverted evidence of the defendant that the value of the house at the date of insurance was not over $454. It further appeared by the evidence of the insured that the property, whereon the house stood, and hence the house itself, was subject to the incumbrance of a mortgage securing a note of $566.50 bearing date September 1, 1886, and payable absolutely twelve months after date, with interest at the rate of ten per centum per annum, compounded annually. It further appeared by the plaintiff's own evidence that his improved land was worth $25 per acre, but that only a fraction of the land was improved. The only other witness for the plaintiff places the value even of the improved land no higher than $20 an acre, and a number of the witnesses for the defendant place the value of the whole land at from $5 to $8 per acre, and the value of the entire farm, including improvements, at no more than $1,000. It also appeared by the uncontroverted documentary evidence that five acres of this farm was subject to another mortgage of $100. It also appeared by uncontroverted evidence that, at the date of the application, the house and its contents were insured in another company for the sum of $800, although there is some conflict in the evidence whether this policy was canceled upon delivery of the policy in suit to the insured.

The plaintiff endeavors to avoid the effect of these facts upon the policy under its terms in the following manner: In regard to the valuation of the house by the claim that the defendant's agent soliciting the insurance put it down, and, in regard to the valuation of the land, by the claim that he told the agent that his improved

land under fence was worth $25 an acre, and, when the agent read to him his answers to questions, he so read that answer. We find no evidence in the record even of a claim that the agent incorrectly read to him the valuation placed upon the house, or incorrectly read to him any other parts of the application. Whether in a case like the one at bar, where clauses printed in prominent type immediately above the signature of the applicant call his attention to the importance of seeing to. it that his answers to queries propounded are true, he may still shield himself by the statement that he did not read them, and that they were incorrectly read to him, although he had every opportunity to read them himself, we need not decide. Not even the case of *Tubbs v. Dwelling-House Ins. Co.*, 48 N. W. Rep. 296, on which the plaintiff mainly relies, goes to that extent. If such should be declared to be the law, then the law would simply recognize a distinction between this class of contracts and every other written contract known to it.

The statement in the application and policy, that the assured had an absolute fee-simple title, which fact the plaintiff's own evidence disproves, is sought to be avoided by the fact, that another part of the application contained the statement that the land was subject to an incumbrance of $556, payable at the option of the assured. But this part of the application does not purport to say that the land on which the house and smokehouse stand is subject to this incumbrance, nor in fact that it is a legal incumbrance, because a mortgage, payable at the option of the mortgagor, creates a moral but not a legal obligation. The evidence on this head discloses that the mortgage was given to, and held by, the plaintiff's sister, and that he had an understanding with his sister that she would not push him in his lifetime, as long as he paid the interest. The note and mortgage upon their face were absolute obligations, long overdue, and the legal title to the land on which the property insured stood, after condition

broken, was in the mortgagee, and not in the mortgagor. *Pease v. Pilot Knob Iron Co.,* 49 Mo. 124; *Johnson v. Houston,* 47 Mo. 227; *Reddick v. Grossman,* 49 Mo. 389; *Siemers v. Schrader,* 88 Mo. 23. Nor could the absolute promise of the note be changed into a conditional one by parol evidence (*Gardner v. Matthews,* 11 Mo. App. 274; *National Bank of St. Charles v. Hunt,* 25 Mo. App. 170); and, even if it could, there was no evidence of a consideration upon which such a promise could rest.

There is no pretense in the record that the state of this incumbrance was disclosed to the agent, or the defendant, in any other manner than by the recitals of the application. The effect of the fact, that the $100 mortgage was not disclosed in the application, is sought to be avoided by proof that, at the date of the application, the assured did not know of the existence of this mortgage. The evidence was to the effect that, at the date of the application, the plaintiff had only an equitable claim to the land covered by this mortgage, and did not acquire the legal title until after the destruction of the house. The deed conveying the land to him disclosed upon its face this incumbrance. The argument loses sight entirely of the fact, that, in regard to warranties in insurance policies, the question is not whether they were fraudulent representations, but whether they were true in point of fact. The application in this case is made part of the policy, and its recitals are made warranties by the terms of the contract. "A warranty is a part of the contract, and the matter of it must be such as it is represented to be; otherwise there can be no recovery on the policy. It is like a condition precedent." The materiality or immateriality of the fact warranted signifies nothing. *Loehner v. Ins Co.,* 17 Mo. 247, 255; *American Ins. Co. v. Barnett,* 73 Mo. 364; *Mers v. Ins. Co.,* 68 Mo. 127; *Roberts v. Ins. Co.,* 26 Mo. App. 92.

Modern decisions have gone a great way to hold insurance companies responsible for the knowledge of their agents, but there is a wide distinction between the case at bar and a case like *Combs v. Ins. Co.*, 48 Mo. 148, where all the title papers were submitted to the agent, and he thereupon filled out the application in his own language, or a case like *Hamilton v. Ins. Co.*, 94 Mo. 353, where an agent, authorized to effect insurance, was aware of other insurance, effected and controlled by himself, which he failed to cancel or note on the policy. These cases could at most affect the question of other insurance, but not warranties touching title and incumbrances, since the true facts touching these were neither known nor communicated to the agent. We must hold therefore that a breach of the warranties in the policy being shown by the plaintiff's own evidence and the uncontroverted documentary evidence adduced the plaintiff could not recover as to the loss of any part of the realty.

The other question to be considered is, whether the policy, under the facts, can be upheld as to the personalty destroyed. That depends on the fact, whether the case is one falling within the principle announced in *Loehner v. Ins. Co.*, *supra*, and *Koonts v. Ins. Co.*, 42 Mo. 126, or whether it falls within the principle decided in *American Ins. Co. v. Barnett, supra*. The first cases hold that, where the realty and personalty are separately valued in the policy and the warranties affect the realty only, there can still be a recovery touching the personalty. The last case holds that, where the policy recites that, "if the interest of the assured in the property, whether as owner, trustee, consignee, factor, mortgagee, lessee or otherwise, is not truly stated,     *     *     *     then and in every such case this policy shall be void, and the assured shall not be entitled to recover from the company any loss or damage which may occur in or to the property hereby insured, or any part or portion thereof," there

can be no recovery even for the destruction of the personalty, although the misstatement of the title in the application had reference to the realty only. Here the policy provides that "*this entire policy shall be void*, if the subject of the insurance be a building on ground not owned by the insured in fee simple, * * * if the insured shall have misrepresented in writing, or otherwise, any fact concerning the insurance, or the subject thereof." * * * It also contains the stipulation that the application therefor shall be and form a part thereof and a warranty by the insured. We can see no substantial difference between the facts of this case and the facts of *American Ins. Co. v. Barnett, supra*, and, as that is the last controlling decision of the supreme court on this subject, we must conclude that the loss is not severable, and that the entire policy is void.

It results that the judgment of the trial court must be reversed, and, as under the conceded facts there can be no recovery on the policy, there is no use of remanding the case for further proceedings. So ordered. All the judges concur.

### OPINION ON MOTION FOR REHEARING.

The motion for rehearing presents nothing which calls for a re-examination of the points decided. Our attention, however, is called for the first time to the case of *Crook v. Ins. Co.*, 38 Mo. App. 582, which holds that, in a case presenting substantially the same facts, recovery may still be had for the personal property destroyed. We conclude that the conflict between the two decisions on the second point decided by us is sufficient to require us to certify this cause to the supreme court.

It is, therefore, ordered that the motion for rehearing be overruled, and that the cause be certified to the supreme court for final determination. All the judges concur.