CHRISTIANA TRABUE *et al.*, Respondents, v. THE DWELLING-HOUSE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, April 19, 1892.

1. **Fire Insurance Policy**: CONDITION AS TO CHANGE IN TITLE: SALE OF PROPERTY IN PARTITION. A policy of fire insurance contained the following provision: "This entire policy * * * shall be void * * * if any change, other than the death of the insured, takes place in the interest, title or possession of the subject of the insurance, * * * whether by legal process, or judgment or by voluntary act of the insured, or otherwise." The insured died, and devised one-third of his estate to his wife during her widowhood, and remainder to his children. Subsequently the property insured, a dwelling, was set apart to the widow, during widowhood, under partition proceedings between the devisees. *Held*, that a change of title had been effected, under these proceedings, which avoided the policy.

2. ————: INSURANCE OF DIFFERENT SUBJECTS BY SAME POLICY: BREACH OF CONDITION AS TO ONE. The policy in question insured said dwelling and the furniture therein in separate amounts. *Held* (*following Holloway v. Dwelling-House Ins. Co.*, 48 Mo. App. 1), that it was avoided as to both by said breach of condition as to the dwelling, since it expressly provided that the entire policy should be void in case of such breach.

*Appeal from the Ralls Circuit Court.*—HON. THOS. H. BACON, Judge.

Trabue v. The Dwelling-House Ins. Co.

REVERSED AND CERTIFED TO SUPREME COURT.

*Hicklin & Yeates*, for appellant.

*Reuben F. Roy*, for respondents.

THOMPSON, J.—This was an action upon a policy of fire insurance, insuring a dwelling-house in the sum of $1,000, and insuring furniture therein in the sum of $250. The plaintiffs had a verdict and judgment, and defendant prosecutes this appeal.

There is no dispute as to the facts upon which the case must turn. The policy contained the following clause: "This *entire policy*, unless otherwise provided by agreement indorsed thereon or added thereto, shall be void * * * if any change, other than the death of an insured takes place in the interest, title or possession of the subject of insurance (except change of occupants without vacancy or other increase of hazard), whether by legal process, or judgment, or by voluntary act of the insured, or otherwise."

The policy was issued on the twenty-fifth of April, 1888. Long prior to the date of this policy, to-wit, on the twenty-seventh of February, 1864, the assured therein and Christiana Manly entered into an antenuptial contract, by which, in consideration of their intended marriage to each other, each one of them agreed to forego all legal rights whatsoever in the estate of the other, and to take nothing of the estate of the other unless the same should be given in writing or by will. Prior to the date of the policy, namely, on December 12, 1881, the assured, being at that time married to the said Christiana, executed his will, in which he referred to this marriage settlement, and devised and bequeathed to his wife one-third of his real and personal estate during her life, *or until she should marry again*, remainder to his four children in fee. Again, prior to the

date of the policy, on December 16, 1885, he added a codicil to the will, the import of which is not material to this case. Again, subsequent to the issuing of this policy, he added a second codicil to his will, in which he reduced the interest of his son, Taylor Jones, in his estate under his will to a life-estate with remainder to the heirs of his body. Soon after making this last codicil, the assured died. Thereafter his widow, Christiana Trabue, proved the will, and took out letters testamentary thereunder. Thereafter, on the tenth of August, 1889, the widow and the heirs joined in a proceeding for the partition of the real estate left by the deceased, Anthony E. Trabue. The petition recited the marriage settlement already referred to, the will, the appointment of the widow as executrix thereunder, described the real estate left by the testator and the provisions of the will, and prayed for partition according to the terms of the will. Such proceedings were had that a partition was made according to the terms of the will, setting apart to the widow, during the period of her widowhood, one hundred and ninety acres of land, which included the dwelling-house in which the deceased had died, which was the subject of this policy of insurance, and which was the residence of the deceased and his family at the time of his death. The property, thus set apart as the widow's share, was valued by the commissioners at $10,238. The evidence does not show what the value of the dwelling-house was. Thereafter, on October 16, 1890, the dwelling-house and furniture were totally destroyed by fire, no notice having previously been given to the company of the change of title and interest thus produced, and no agreement thereto having been made by the company by indorsement or otherwise.

Upon this state of facts we take the law to be that there was such a change of interest and title in the

dwelling-house as avoided the entire policy under its language as above quoted. In order to reach this conclusion, it is not necessary to hold that the fact of having entered into this marriage settlement, and of having made his will, which became operative upon his death, worked a change in the interest or title of the property insured, "other than the death of the insured," within the language of the policy. We rest our conclusion on that view, that the subsequent partition proceeding undoubtedly had this effect. This conclusion seems to be so obvious as not to require any examination of judicial precedents to confirm it. Nor have we found a case where, in a similar clause, the policy contained the reservation, in case of death, which this policy contains. Nevertheless, there are several analogous decisions. In *Dreher v. Ins. Co.*, 18 Mo. 128, there was a clause in the policy that "any transfer or change of title in the property insured" should avoid the policy. The policy was written upon the goods of two partners, and it was held that a dissolution of the partnership before loss, and a division of the goods so that each partner owned his portion in severalty, avoided the policy under this clause. In *Card v. Ins. Co.*, 4 Mo. App. 424, it was held, under a similar clause, in a policy written upon the goods of a partnership, that a transfer by one of the partners of his interest to a stranger operated to avoid the policy. In *Barnes v. Ins. Co.*, 51 Me. 110; s. c., 81 Am. Dec. 562, the policy contained the clause that it should be void, "when the title of any property insured shall be changed by sale, mortgage, or otherwise." It was held that a subsequent judicial partition of the premises operated to avoid the policy under this clause. DAVIS, J., in giving the opinion of the court, pointed out that a partition of the premises was equivalent to a sale and a purchase. In *Finley v. Ins. Co.*, 30 Pa. St. 311;

s. c., 84 Am. Dec. 705, it was held that a condition in a policy, that it should be void, if the insured property should be alienated by sale or otherwise, was violated by a dissolution of partnership, and a sale by one partner of his interest to his copartner, the subject of the insurance being partnership property.

If the clause in the policy in the present case had not contained the reservation, "other than by the death of the insured," the mere fact of the death of the insured would have wrought such a change of title and interest as would have avoided the policy. *Hine v. Woolworth*, 93 N. Y. 75. And this would be so where, as in the present case, the assured had made a will which became operative upon his death. *Sherwood v. Ins. Co.*, 73 N. Y. 447.

Against this conclusion it is argued that the marriage settlement is void under the law of Missouri, and that the law of Indiana was not proved as a fact, and cannot be noted judicially. We do not comprehend the materiality of this argument, in view of the fact that, in the partition proceedings, the widow affirmed the marriage settlement, which she had the undoubted power to do. It is also argued that the widow took the property by descent, notwithstanding the marriage settlement and the will, as a homestead, under the provision of section 5439, Revised Statutes. Whether she might have taken a life-estate in the dwelling, as her homestead, under that section, needs hardly to be considered, because she did not do it. Nor does it appear that she could have done it, because the homestead which she might have taken is, by the terms of the statute, it being rural and not urbane property, limited in value to the sum of $1,500, and it nowhere appears what the value of the house was,—it may have been worth several times that amount. Nor is the argument, that the estate which she did take under the

decree for partition was the same estate which she would have taken in the case of an apportionment of a homestead to her; because, under the homestead law, she would have taken a life-estate, whereas, under the decree, she took merely an estate for widowhood.

It thus appears very clearly that this partition proceeding wrought such a change in the title and interest in the property insured "by legal process or judgment," as avoided the policy under its terms. But it is argued that, under decisions in this state, this did not have the effect of avoiding the policy, in so far as it related to the personal property. We went over this question in the recent case of *Holloway v. Ins. Co.*, 48 Mo. App. 1, deciding it adversely to the contention of the plaintiff. It is not necessary to do more than to add that, whether or not there may be any room for doubt under the terms of the policy in *Crook v. Ins. Co.*, 38 Mo. App. 582, when construed in connection with the judicial decisions in this state, there can be no possible room for doubt under the terms of this policy, because the intention of the parties to the contract is expressed as pointedly as words could make it. The language is: "This *entire policy* * * * shall be void." With this clause in the policy, we cannot hold it good as to the furniture, unless we are prepared to assume the jurisdiction of making contracts of insurance for parties which they have not seen fit to make for themselves. The judgment is, therefore, reversed, with the concurrence of all the judges.

Our decision in this case being contrary to the decision of the Kansas City Court of Appeals, in *Crook v. Ins. Co.*, 38 Mo. App. 582, it is ordered that the cause be certified and transferred to the supreme court for final determination, under the mandate of section 6 of the amendment to the constitution, adopted in 1884.