Maddox v. Ins. Co.

J. M. MADDOX, Respondent, v. DWELLING HOUSE
INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, January 30, 1894.

1. **Insurance, Fire:** WARRANTIES. *A warranty in a policy of fire
insurance is like a condition precedent. Its materiality is not open
to inquiry; nor will the good faith of the warrantor obviate the effect
of a breach.*

2. ———: ———: EXPRESSION OF OPINION. *In an application for fire
insurance, whose recitals were expressly made warranties and a
part of the contract of insurance, the insured stated in relation to a
house, which was the property insured, that it stood upon two hun-
dred and forty acres of land owned by himself. In point of fact the
house stood upon one hundred and sixty acres owned by the insured,
which were fractional subdivisions of a section, but his wife owned
the adjoining eighty acres. Held, that this statement was not a mere
expression of opinion but a warranty, and that its falsity, though not
intentional, debarred a recovery under the contract of insurance.*

3. ———: PROOFS OF LOSS. *A policy of fire insurance, after stipulating
for proofs of loss within thirty days after the loss, provided against
any suit for the insurance "unless the insured shall have fully complied
with all the foregoing requirements." Held, that the delivery of
proofs within the thirty days was a condition precedent to the right of
recovery under the policy.*

4. ———: ———. *Proofs of loss were properly rejected by the insurer
for nonconformity to the requirements of the policy, and returned to
the insured in ample time to permit of their correction and redelivery
by him within the thirty days during which the policy required
proofs to be made. They were properly corrected and mailed in due
time, but were negligently misdirected by the insured, owing whereto
they did not reach the insurer until long after the expiration of these
thirty days. Held, that there was a substantial noncompliance with
the provisions of the policy.*

*Appeal from the Monroe Circuit Court.*—HON. R. F.
ROY, Judge.

REVERSED.

*Ed. E. Yates* and *Joshua F. Hicklin* for appellant.

(1) "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity, unless the insured shall have fully complied with all the foregoing requirements." The above condition in the policy sued on has been passed on in a case exactly like this one and upheld. Proofs not rendered within thirty days are too late. *Gould v. Ins. Co.*, 51 N. W. Rep. 455; opinion on rehearing, 52 N. W. Rep. 754. Proofs are not rendered to the company when deposited in the postoffice, but when actually received by them. *Ins. Co. v. Oats*, 11 Am. St. Rep. 67; *Hodkins v. Montgomery Co.*, 34 Barb. 213; *Village of Marseilles v. Howland*, 26 N. E. Rep. 495. The post is the agent of the sender, not of the company. *Village of Marseilles v. Howland*, 26 N. E. Rep. 495. (2) The statements in Maddox' application (see printed record page 28) are made warranties both by the application itself and the policy sued on; as such they must be literally true. The materiality or immateriality of the thing warranted signifies nothing. *Mers v. Franklin Co.*, 68 Mo. 131; *Loehner v. Ins. Co.*, 17 Mo. 247; *Brooks v. Ins. Co.*, 11 Mo. App. 349; *Holloway v. Ins. Co.*, 48 Mo. App. 1. (3) The warranted value of the insured house is confessedly untrue. This avoids the policy. *Lama v. Ins. Co.*, 51 Mo. App. 447; *Holloway v. Ins. Co.*, 48 Mo. App. 1. The number of acres of land owned by the assured, on which the insured property was situated, was incorrectly stated in the application. This avoided the policy. This point is decided in *Bennett v. Agricultural Co.*, 50 Conn. 420; 51 Conn. 504.

*R. N. Bodine* for respondent.

ROMBAUER, P. J.—This is a suit on a fire insurance policy seeking to recover for a loss by fire of plaintiff's dwelling house and its contents, the two being separately valued in the policy. Touching the contract of insurance and the destruction of the property insured within the life of the policy, there is no controversy. The defense is based upon a breach of warranties contained in the plaintiff's application, which, by the terms of the contract, is made part of the policy, and the noncompliance by plaintiff with a condition in the policy requiring him to furnish proofs of loss within thirty days after the loss. The plaintiff recovered a judgment for the full value of the property destroyed, and the defendant now assigns for error the refusal of the court to direct a verdict for the defendant.

The application and contract of insurance are substantial duplicates of those we considered in *Holloway v. Dwelling House Ins. Co.* (48 Mo. App. 1). Here, as there, the policy contained the clause: "*This entire policy shall be void*, if the insured has concealed or misrepresented, in writing or otherwise, any fact or circumstance concerning this insurance or the subject thereof." Here, as there, the application is made part of the policy, and its recitals are made warranties by the terms of the contract. The only question, therefore, before us on that branch of the case is whether a breach of the warranty is shown here by the plaintiffs' own evidence. If so, the plaintiff cannot recover, because, as we said in the *Holloway case*, "a warranty is like a condition precedent; the materiality or immateriality of the fact represented signifies nothing."

In the case at bar the plaintiff stated the value of his house in his application to be $700, and to the question, "State number of acres of land owned by you, on which the property is situated," he replied,

"two hundred and forty." While on the stand, he testified that his house was of the same value at the date of insurance and date of destruction, and that such value was $600. He also testified that he owned only one hundred and sixty acres in the tract whereon the. house stood, but that his wife owned eighty acres adjoining. It, therefore, stands conceded that the warranty was broken in these two particulars.

The only difference between this and the *Holloway case* consists in the fact, that here the plaintiff seeks to explain the origin of the mis-statements in a plausible manner tending to show that he was not guilty of any *intentional deception*. But, as we said in the *Holloway case*, the question touching warranties in insurance policies is not whether they were fraudulent representations, but whether they were true in point of fact.

Nor is there any room for the holding that the statements as to the value of the house and acreage of the land were a mere expression of opinion. This is best illustrated by the ruling of the court in *Bennett v. Agricultural Insurance Company* (50 Conn. 420, and 51 Conn. 504). Upon the first appeal of that case, a judgment for the plaintiff was reversed, because the court submitted to the jury the materiality of the warranties. The warranty in that case was, that the plaintiff's land on which the building stood contained sixty acres, and the proof tended to show that the tract contained only forty-six acres and a fraction. Upon the second trial of the cause the trial court charged the jury that, if this "was understood to be a statement of a fact, to-wit; that there was precisely sixty acres and no less in the place, the law is so that the statement must be literally true, and, if not true, there can be no recovery. If the statement was understood to be the statement of the plaintiff's opinion of the number of acres, and there was substantially sixty acres in the place, then

it is necessary for plaintiff to satisfy you that such statement was true, and that such was his opinion, and that there was substantially sixty acres in the place." The supreme court held this charge erroneous; that the fact was capable of mathematical demonstration, and that the inquiry called for a fact and not for an opinion. In the present case there was not even room for any difference of opinion, since the land consisted of fractional subdivisions of a section, the contents of which are determined by law. It results that a breach of the warranty having been shown by the plaintiff himself, there can be no recovery on this policy.

We have certified the case of *Holloway v. Dwelling House Ins. Co.* to the supreme court, as the Kansas City court of appeals was of opinion in *Crook v. Insurance Co.* (38 Mo. App. 582) that in cases of a breach of warranty, having reference to the real estate only, there still may be a recovery for the loss of personal property, separately valued in the same policy. In view of that fact it may be material to determine the further point arising upon this record, whether the plaintiff has any right of recovery for the personalty destroyed, even if the distinction made by the Kansas City court of appeals were logically tenable. One of the conditions of this policy is, that the assured shall furnish proofs of loss within thirty days after the loss. The policy also contains this provision: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity, unless the insured shall have fully complied with all the foregoing requirements."

In construing these identical clauses it was held by the supreme court of Michigan in *Gould v. Dwelling House Ins. Co.* (51 N. W. Rep. 455; 52 N. W. Rep. 754), that a failure to furnish proofs within thirty days, avoids the policy. In that case many authorities on

the subject are collected and reviewed, and it is shown that the cases uniformly hold as there decided. In the case at bar the fire occurred January 21, 1892. On the twenty-eighth of that month the plaintiff mailed proofs of loss to the defendant at Chicago, in the state of Illinois, verified by three witnesses, but not by him-self. On February 8th, the defendant replied, stating that the proofs were not in conformity with the require-ments of the policy, and stating that the plaintiff should himself make affidavit to the claim. That these proofs were insufficient is conceded. On the eleventh of February the plaintiff mailed a claim *in proper form*, but, instead of addressing it to the defendant at the defendant's place of business in Chicago, he caused it to be addressed thus: "*General Agent Western Depart-ment*, 95 *Av.*, *Chicago*, *Ill.*" The address contained neither the defendant's name, nor location, nor the name of any addressee. This letter admittedly never reached the defendant or its agent, but was returned to the plaintiff by the dead letter office from Washington about the eleventh of April. Thereupon the plaintiff's attorney remailed the proofs in a letter of his own to the defendant's agent, which, however, was not receiv-ed by the latter untill April 16, 1892. The agent at once replied, claiming that the company was released, both because the proofs were not furnished in time, and because there was a breach of the warranty as to the contents of farm.

It will be thus seen that the insufficient proofs were returned to the plaintiff in ample time to enable him to comply with the requirements of the policy, and furnish formally sufficient proofs to the company within the thirty days. He failed to do so, and the proofs, owing to the admitted negligence of the plaintiff or his agent, did not reach the defendant until eighty-four days after the destruction of the premises by fire. We

are aware of no well considered decision, which would enable us to hold that there was a substantial compliance with the requirements of the policy. As there there can be no recovory on the conceded facts, no useful purpose can be subserved by remanding the cause.

All the judges concurring, the judgment is reversed.