EMILY STEPHENS, Appellant, v. GERMAN INSURANCE COMPANY OF FREEPORT, ILLINOIS, Respondent.

St. Louis Court of Appeals, February 12, 1895.

1. **Fire Insurance:** PLEADING OF WAIVER OF PROOFS OF LOSS. The waiver of proofs of loss under an insurance policy may be shown under an allegation of the performance of the conditions of the policy.

2. ———: SEPARATE INSURANCE OF DIFFERENT SUBJECTS: BREACH OF WARRANTY AS TO ONE. When a building and its contents are insured in separate amounts by the same policy of fire insurance, a breach of warranty as to one will not invalidate the insurance as to the other.

*Appeal from the Laclede Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED AND REMANDED.

*J. P. Nixon* and *Mayfield & Mayfield* for appellant.

(1) Failure to return proofs of loss with specific objections may be construed as a waiver. *Organ v. Ins. Co.*, 3 Mo. App. 576; *Porter v. Ins. Co.*, 32 Mo. App. 198; *Loeb v. Ins. Co.*, 99 Mo. 50; *Hazzard v. Ins. Co.*, 53 Mo. App. 101; *McCullough v. Ins. Co.*, 113 Mo. 615; *Franklin v. Ins. Co.*, 42 Mo. 456; *Sims v. Ins. Co.*, 48 Mo. 50. Denial of general liability is evidence of waiver. *Trundle v. Ins. Co.*, 54 Mo. App. 188; *Summers v. Ins. Co.*, 45 Mo. App. 47; *La Force v. Ins. Co.*, 43 Mo. App. 518. There is some evidence in this case from which waiver could be inferred, and it became the duty of the court to submit the question to the jury under appropriate instructions. *Loeb v. Ins. Co.*, 99 Mo. 50; *Parks v. Ins. Co.*, 26 Mo. App. 511; *Okey v. Ins. Co.*, 29 Mo. App. 105; *Travis v. Ins. Co.*, 32 Mo. App. 198; *Summers v. Ins. Co.*, 45 Mo. App. 46; *Hazzard v. Ins. Co.*, 53 Mo. App. 101. (2) The house and personal property in this case being separately valued, the policy is divisible, and a misrepresentation as to the title to premises in any event would not prevent recovery as to personal property. *Holloway v. Ins. Co.*, 121 Mo. 87.

*Harrison & Harrison* for respondent.

Even if waiver of proofs of loss had been pleaded, it would not be established by the evidence. To constitute waiver, some act or declaration indicative of it must be shown to have taken place within the time

allowed for the delivery of such proofs, which has not been done. *Erwin v. Ins. Co.*, 24 Mo. App. 152.

ROMBAUER, P. J.—This is an action upon a fire insurance policy. At the close of the plaintiff's evidence the court instructed the jury that the plaintiff could not recover. The plaintiff thereupon took a nonsuit with leave, and, after an ineffectual motion to have the same set aside, brings the case here by appeal. The sole question presented for our consideration is whether, under the pleadings and evidence, this instruction was warranted.

The policy sued on covered a risk of $1,600, of which amount $900 were placed on a dwelling house, $250 on its contents, $50 on provisions in a smoke-house, $200 on a log barn, and $200 on hay and grain in the barn. The risk by the terms of the policy extended from July 14, 1892, to July 14, 1895. The petition states that on the eleventh day of July, 1893, and while said policy was in force, the dwelling house and its contents, and the provisions in the smoke-house, were destroyed by fire, causing a loss in excess of the amount insured, and that plaintiff at that time had an interest in all of the property insured to an amount in each case exceeding the amount of insurance; that notice of loss was given and proofs of loss were made in due time, and that plaintiff duly performed all the conditions required of her by the terms of the policy, but that defendant refuses to pay the loss, etc.

The answer alleges that the insurance contract was based upon plaintiff's written application, which forms part of the policy, and the statements whereof contain warranties of the assured; that this application states that plaintiff had a fee simple title to the property insured, and was the sole and undisputed owner

thereof, which statement was false, because the plaintiff had only a dower interest in the property. The answer also sets up, as further defenses, want of notice of loss to the defendant, insufficiency of preliminary proofs of loss, and burning by design. The plaintiff filed a replication, stating that she had disclosed her true title to the defendant's soliciting agent when her application was made out, and that, if such agent failed to insert it into her application, the defendant was estopped from setting up the variance in her title as a defense; that the defendant by other acts waived the defense based on the warranty of title, and that the plaintiff could neither read nor write, and the application was not her contract. The reply was verified by the affidavit of plaintiff, so as to raise the issue of *non est factum* as far as the application is concerned.

The plaintiff's evidence tended to show that the house insured and its contents were destroyed by accidental fire, but the date of such destruction was not shown otherwise than by some statements referring to the notice of loss, which was shown to have been furnished shortly after the fire, and which the evidence shows was mailed to the company in the summer of 1893. The claim which is now made by respondent, that the court properly instructed against plaintiff because the date of the fire was not shown, is untenable. Moreover, the answer distinctly admits the destruction of the property during the life of the policy, simply claiming that it was burned by design.

Equally untenable is the respondent's claim that the proofs of loss were insufficient. The proofs offered were sufficient in form, and there was evidence that the company waived any formal proofs by denying all liability for the loss on the sole ground of misrepresentation of title. Where the company denies all

liability *on other grounds*, such denial is evidence of a waiver of preliminary proofs.

While, as a general rule, a waiver, to be available, must be pleaded (*Ehrlich v. Insurance Company*, 103 Mo. 240), the rule in this state has always been otherwise in actions on insurance policies. *Insurance Company v. Kyle*, 11 Mo. 278; *McCullough v. Insurance Company*, 113 Mo. 606–616. It is needless to inquire whether such distinction rests upon any sound, logical foundation since it is established by decisions of the supreme court, which are binding upon us. In *McCollum v. Niagara Insurance Company*, decided by this court in May last, and relied on by respondent, we have sustained a motion for rehearing, because, in our first opinion, we failed to give effect to this distinction.

The claim of respondent, that there was no evidence of the value of any of the property destroyed, is not borne out by the record. There was substantial evidence on that question, which could not be withdrawn from the consideration of the jury by the instruction complained of. As the misrepresentation of title, even if established by the evidence, could defeat a recovery for the loss of the house only, and a recovery for the destruction of the personal property within the house could still be sustained, the plaintiff could not have been nonsuited on that ground. In the case at bar the policy offered in evidence, among other things, provides that, if the assured shall not be the *sole and unconditional owner in fee simple* of the property, then the policy shall be null and void. In *Holloway v. Dwelling House Insurance Company*, 48 Mo. App. 1, the policy provided, among other things: "This entire policy shall be void, * * * if the subject of insurance be a building on ground not owned by insured in fee simple." We held in that case, on the authority of

*American Insurance Company v. Barnett*, 73 Mo. 364, that breach of warranty as to title avoided the entire policy, and that no recovery could be had even as to the personalty destroyed. But we recognized the fact that the decisions in this state on that subject were not uniform, and that earlier decisions, and notably *Loehner v. Insurance Company*, 17 Mo. 247, and *Koontz v. Insurance Company*, 42 Mo. 126, recognized that the loss was divisible, wherever there was a separate valuation of the personalty in the policy. In consequence thereof, and of *Crook v. Insurance Company*, 38 Mo. App. 582, we certified the case to the supreme court for final adjudication. That court by its judgment returned to the views entertained by it in its earlier decisions, over-ruling, in effect, the case of *American Insurance Company v. Barnett, supra*. In conformity with the last ruling of the supreme court we, therefore, now hold that a loss in cases like the present is divisible, and that recovery for the loss of the personalty separately valued may still be had, even though, owing to a breach of warranty of title, the policy is avoided as far as the realty is concerned. See *Trabue v. Insurance Co.*, 121 Mo. 78; *Holloway v. Insurance Co.*, 121 Mo. 87. Whether the evidence in this case is sufficient to preclude the defendant even as to the real estate, under the decisions in *Combs v. Insurance Co.*, 43 Mo. 148, and *Breckenridge v. Ins. Co.*, 87 Mo. 62, we need not decide.

It results from the foregoing that the trial court erred in withdrawing the case from the jury, and that its judgment must be reversed and the cause remanded for further proceedings. So ordered. All concur.