# THE SUPREME COURT

#### OF

## THE STATE OF MISSOURI,

MARCH TERM, 1867, AT ST. LOUIS.

[CONTINUED FROM VOL. XXXIX.]

———————•◄—————

THOMAS G. GAYLORD AND BENJAMIN B. GAYLORD, Respondents, *v.* THE LAMAR FIRE INSURANCE COMPANY, Appellant.

*Insurance—Representation—Interest—Title.*—A fire insurance policy contained a clause to the effect, " that if the interest in the property to be insured be a leasehold, trustee, mortgagee or reversionary interest, or other interest not absolute, it must be so represented to the company and expressed in the policy in writing; otherwise the insurance shall be void." The plaintiffs insured the property as owners; their title was a purchase at a sale under the foreclosure of a mortgage in the State of Illinois, by the laws of which the mortgagor had fifteen months after sale within which to redeem; before the execution of the deed to the plaintiffs the property insured was destroyed by fire, and subsequently the plaintiffs received a deed to the property. *Held,* that the terms of the policy referred not to the nature of the title, whether legal or equitable, but to the nature of the ownership of the property; and further, that the plaintiffs having subsequently acquired the legal title by the deed, the legal title should relate back and take effect from the inception of the equitable title by the purchase at the sale under the foreclosure, so that the plaintiffs at the time the policy was issued were the owners of the property, holding the legal title in fee.

2—VOL. XL.

*Appeal from St. Louis Circuit Court.*

*Sharp & Broadhead,* for appellant.

I. The property was not in fact the property of the plaintiffs; they had an interest in it, but no title to it either legal or equitable. The policy was void, because the true nature of the title was not disclosed in the policy.

In the case of Phillips v. Demoss et als., 14 Ills. 410, it was held that the purchaser at a sale under the Illinois law, where there is a right of redemption, acquires no title either legal or equitable, but the right to his redemption money if redeemed by the judgment debtor within twelve, or by a judgment creditor within fifteen months; or if not so redeemed, then to the sheriff's deed. — Sweezy v. Chandler, 11 Ills. 445; McZagan v. Brohn, 11 Ills. 352.

II. Parol evidence is inadmissible to show an agreement or understanding as to the nature of the interest insured inconsistent with the terms of the written provisions of the policy.—Jenkins v. Quincy Mut. Fire Ins. Co., 7 Gray, 370; Woodbury Sav. Bk. &c. v. Charter Oak Ins. Co., 29 Conn. 374; Burnet v. Union Mut. Fire Ins. Co., 7 Cush. (Mass.) 175; Holmes et al. v. Charleston Mut. Fire Ins. Co., 10 Metc. (Mass.) 216; N. Y. Gaslight Co. v. Mech. Fire Ins. Co. of N. Y., 2 Hill, 108; Alston v. Mech. Mut. Ins. Co. of Troy, 4 Hill, 340; 21 Conn. 37; 13 Ills. 89; Lochner et al. v. Home Mut. Ins. Co., 17 Mo. 247, 256; S. C. 19 Mo. 628.

III. If a party has only a qualified interest, he can only recover the amount of it—Niblo v. N. Amer. Ins. Co., 1 Sanf. 551; 2 Phil. Ins. 249.

The only interest which the plaintiffs had was an interest to the amount of their judgment, which was, as appears by the evidence, $4,478.87. The property was insured in different companies to the amount of $10,000. The interest insured was the amount of the judgment debt. The contract of insurance is a contract of indemnity, and not a gambling contract:

$10,000 : $4,478 :: $2,500 = $1,119.50.

Eleven hundred and nineteen $\frac{50}{100}$ dollars is all that could be recovered in any event.

*Glover & Shepley*, and *Currier*, for respondents.

I. The property was insured by Gaylord, Son & Co. as "their four-story stone and brick building." This was an assertion by the insured that they were the owners of the property. But it did not mean that they held it by a technical legal title; it did not mean necessarily that the insured had a conveyance of the perfect title at law.

If the insured were the owners of the property in so far as to have the entire beneficial interest, and in case of loss to lose the whole value of the property, then they were owners, as set forth in this policy; the property was "their" property, as stated in the policy—Columbia Ins. Co. v. Lawrence, 2 Pet. 46; Tyler v. Ætna Ins. Co., 12 Wend. 507; Hough v. City Fire Ins. Co., 29 Conn. 10.

That the insured had not, at the moment of taking out the policy, a legal conveyance of the property which they had bought, and for which they had paid in full, is immaterial.

II. The next objection made to the title of the insured is, that the sale was redeemable for twelve months as to the defendants in the chancery suit, and for fifteen months as to the creditors of Banks, Bell & Co.

We insist that there was no power of redemption in any of the defendants in the chancery suit; the twelve months from the sale had passed when the policy issued. As to the creditors, none of them redeemed in fact, and the title was not defeated; and unless there were creditors in condition to redeem, the title of the insured never could be divested, and was therefore indefeasible in fact.

III. The conduct of the defendants' company was such as to waive the conditions of the company—Hall v. People's Mut. Fire Ins. Co., 6 Gray, 185; Atlantic Ins. Co. v. Goodal, 35 N. H. 334–5.

IV. The Lamar Insurance Company of New York is a foreign company acting here by a general agent competent to do what the company could do. The particular powers of the agent are not shown; the inference is, they were general—1 Rev. Stat. 1855, p. 884.

V. After the deed was made to Gaylord, Son & Co., it related back to the date of the sale, and must now be considered a title from the first act of its inception—Jackson v. McCall, 3 Cow. 80; Jackson v. Bull, 1 J. R. 81; Jackson v. Diekman, 15 J. R. 309; Johnson v. Stagg, 2 J. R. 507, 520; Johnson v. Raymond, 1 J. R. 85; Shaw v. Cooper, 7 Pet. 292; Heath v. Ross, 12 J. R. 140; Boyd v. Longworth, 11 Ohio, 235, 252.

HOLMES, Judge, delivered the opinion of the court.

It appears that the property insured was sold on the 2d day of August, 1862, under a decree of foreclosure of a mortgage, and that a certificate of purchase of that date was delivered by the special commissioner to the purchaser, who assigned it to the plaintiffs under the laws of Illinois, which allowed fifteen months for redemption before the final deed was to be executed; that the plaintiffs, as owners of the property, effected this insurance on the 5th day of September, 1863; that the loss occurred on the 9th day of October following, and that on the 3d day of December, 1863, the special commissioner executed and delivered to the plaintiffs, as assignees of the certificate of purchase, his final deed conveying the property in fee, no redemption having taken place.

The policy contained a clause to this effect: "that if the interest in the property to be insured be a leasehold, trustee, mortgagee, or reversionary interest, or other interest not absolute, it must be so represented to the company, and expressed in the policy in writing; otherwise the insurance shall be void."

No written application was made before the policy was issued. The verbal representation was simply to the effect that the insured were the owners of the property. The

ground of objection is, that they were not the absolute owners in fee simple title at the date of the policy or of the loss, and that there was a breach of warranty in this respect, or a misrepresentation of the interest of the insured, that, under this clause, avoided the policy.

The object and intent of this clause would seem to have been, that if the interest of the insured in the property was only that of a lessee, trustee, mortgagee, or other estate less than a freehold, or carved out of the fee simple, the same should be particularly stated and described in the policy. As to the absolute or full ownership of the property, whether it were by virtue of a legal or equitable title, it would seem to have been left to the general law on the subject of the interest of the insured. If he were the owner at the time of the loss, that would be enough ; if he were not the owner, there could be no recovery on the policy. Under a somewhat similar claim, it has been held that the *"absolute interest"* referred rather to the actual ownership than to the nature of the title, and meant a vested interest of which the owner could not be deprived without his consent, "in contradistinction to a contingent or conditional interest"—Haight v. City Fire Ins. Co., 29 Conn. 10. An equitable title that would be protected by a court of equity as such, may be an ownership as absolute as the legal title. The clause does not concern the particular character of the owner's title. This title was subject, it is true, to be divested by redemption under the statute, and may be said to have been so far conditional, or rather defeasible. We are inclined to think such a contingency did not come within the special intent of this clause, which rather related to lesser estates, or interests, of the class particularly enumerated ; nor do we see any reason for a different construction : for if the title had failed by reason of a redemption, there could have been no recovery on the policy even without this clause ; not failing, the loss would fall on the plaintiffs, and they would be justly entitled to indemnity. The indefeasibility of the title is not the criterion of an insurable interest ; an expectancy coupled with a pres-

ent existing title is enough—Stirling v. Vaughan, 11 East. 618; 1 Arnold on Ins. 230 ; Hildy. Ins. 66.)

But whatever doubt there may have been on this point, we think the whole controversy is closed by the operation of the fiction of relation, whereby, for all the purposes of this insurance, the commissioner's deed is to be considered as relating back to the date of the sale and certificate, and as vesting the full legal title in the plaintiffs as of a date anterior to the date of the policy; and that they are to be regarded as having been the absolute owners of the title at that date and at the time of the loss—Crowley v. Wallace, 12 Mo. 145; Jackson v. McCall, 3 Cow. 75 ; Boyd v. Longworth, 11 Ohio, 235. We see no reason why this principle should not be applied here. The certificate filed was equivalent to a deed taken and recorded, so far as the purchaser's security from any intervening claims ; but the right of redemption was concerned, and the deed operated by way of execution of a statute power to pass the absolute title from the date of the sale by relation—4 Kent's Com. (7th ed.) 456–60.

It is consistent with the maxim, *ut res magis valeat quam pereat.* It is in furtherance of justice. It does not interfere with the rights of a stranger, nor injuriously affect the intervening rights of any third party. It does not take away any defence which the defendants would be entitled to make by virtue of any stipulation in the policy. The interest of the assured was not of the character of any of these lesser estates, which were required to be disclosed and particularly described in the policy. It merely avoids a technical objection to the nature of the plaintiffs' title. It is a fiction of law which may be properly applied in support of justice, and to obviate a failure of the contract on a purely technical ground.

No injustice is done to the defendants. It was not a matter of any importance to them that this title was subject to be divested by a possible redemption ; for if there had been a redemption before the loss, there would have been no title, no insurable interest in the plaintiffs, and, of course, no pos-

sible right to recover.   But there was no redemption.   The defeasible title became an absolute one, and by relation was fully vested before the loss, and all substantial ground of objection on the part of the defendants entirely disappears.

Judgment affirmed.   The other judges concur.