Mers v. The Franklin Insurance Company.

instructions asked by defendant. All concurring, the judgment is reversed and the cause remanded.

REVERSED.

MERS v. THE FRANKLIN INSURANCE COMPANY, *Appellant.*

1. **Agreement to convey Real Estate.** The purchaser at an execution sale of real estate, gave the defendant in the execution a written promise to reconvey, upon the payment of a specified sum by a day named; but the defendant did not bind himself to make such payment, and the promise was founded on no consideration. On the same day the defendant accepted from the purchaser a lease of the same premises, went into possession, and paid rent, but never paid anything in redemption of the property; *Held,* that the promise for a reconveyance was a mere gratuity, giving the defendant option to redeem, but no vested interest, and that his only interest in the property was the leasehold.

2. **Fire Insurance** : STATEMENT OF THE INTEREST OF THE INSURED : WARRANTY. A party having an interest in a house and lot, as stated above, took out a policy of insurance upon the house, containing an express condition that, if the interest in the property to be insured be a leasehold, or other interest not absolute, it must be so represented to the company and expressed in the policy in writing, otherwise the insurance should be void. The policy contained no statement of the interest of the insured, but described the property as " his." The court, reversing a judgment for the plaintiff, *Held,* that if the insured truly represented his interest to the company its failure to incorporate the statement in the policy did not avoid the policy; but if he made no representation at all, his acceptance of the policy amounted to a declaration that his interest was absolute, and that did avoid it.

*Appeal from Cass Circuit Court.*—HON. FOSTER P. WRIGHT, Judge.

*Adams & Sherlock* for appellant.

The only statement in the policy as to ownership was the word " his " before the description of the property in-

sured. This taken in connection with the condition as to the statement of the interest of the insured imports an absolute and entire ownership. *Clay F. and M. Ins. Co. v. Huron Salt and Lumber Co.*, 31 Mich. 346; *s. c.*, 14 Am. Law Reg. (N. S. ) 460; and this amounts to a misrepresentation, which avoids the policy, *Catron v. Tenn. Ins. Co.*, 6 Hump. 176; .*Brown v. Williams*, 28 Me. 262; *Philips v. Knox Co. Mut. Ins. Co.*, 20 Ohio 178; *Leathers v. Ins. Co.*, 4 Fost (N. H.) 259; *Warner v. Middlesex Mut. Assn.*, 21 Conn. 444; *Wilbur v. Bowditch Mut. Ins. Co.*, 10 Cush. 446; *Birmingham v. Empire Ins. Co.*, 42 Barb. 457.

*R. O. Boggess* for respondent.

Respondent had an insurable interest in the property. And not being called upon by the agent to state the nature or extent of his title or interest, he was not bound to do so, and his failure so to do, constitutes no barrier to his right to recover. *Morrison v. Tenn. Ins. Co.*, 18 Mo. 262.; *Boggs v. America Ins. Co.*, 30 Mo. 63. His interest was absolute. He had a valid, subsisting contract for the purchase and conveyance thereof to himself—this was a fee-simple interest. *Gaylord v. Lamar Fire Ins. Co.*, 40 Mo. 13.

HOUGH, J.—This was a suit upon a policy of insurance by which, on the 10th day of March, 1873, the defendant insured the plaintiff for one year against loss or damage by fire to the amount of $2,000, as follows: $1,000 on a two-story frame hotel in Pleasant Hill, Missouri, and $1,000 on personal property. On the 18th day of April, 1873, all of the foregoing property was destroyed by fire. The plaintiff recovered judgment for the full amount of the policy, and the defendant has appealed.

The policy contained, among others, the following condition: " If the interest in the property to be insured be a leasehold interest, or other interest not absolute, it must be so represented to the company and expressed in

the policy in writing, otherwise the insurance shall be void."
The written application of the plaintiff for insurance, if
any such were ever made, is not in the record, and there
is no evidence that the plaintiff made any representation
as to the ownership of the house, but it was described in
the policy as " his." It appears from the record that the
house in question was sold in November, 1872, to one Yo-
cum at sheriff's sale, under an execution against the
plaintiff. On the 16th day of December, 1872, Yocum, by
his agent, A. C. Briant, executed and delivered to the
plaintiff the following instrument of writing: "This
agreement, made and entered into this 16th day of Decem-
ber, 1872, by and between M. B. Yocum, by his agent, A.
C. Briant, and F. D. Mers, all of Cass county, Missouri;
witnesseth, that whereas, the said M. B. Yocum, on the
22d day of November, 1872, purchased at sheriff's sale, on
execution in favor of A. Caruthers and Martha A. Hinch-
man, as plaintiffs, and against F. D. Mers, defendant, the
following described real estate, which was conveyed to
said M. B. Yocum by the sheriff, viz.: lots 7 and 8, in
block C, also lots 2 and 3, in block D, all in the Pacific
Railroad Company's first addition to the city of Pleasant
Hill, Missouri; and whereas, the said M. B. Yocum has
been compelled to pay divers sums of money for said Mers,
it is hereby agreed, by and between said parties, and es-
pecially by said M. B. Yocum, by his agent, said A. C.
Briant, that if the said Mers shall, on or before the 1st day
of June, 1873, pay, or cause to be paid to the said A. C.
Briant, as the agent of said M. B. Yocum, his heirs or as-
signs, the sum of $1,480, then, and in that event, the said
M. B. Yocum, by his agent, said A. C. Briant, hereby binds
himself, his heirs, assigns, executors or administrators to
make, execute and deliver, or cause to be made, executed
or delivered to the said Mers a quit-claim deed for the real
estate aforesaid. In witness whereof, the said parties have
hereto set their names and seals the day and year afore-
said.

9—68

A. C. BRIANT,
Agent, M. B. Yocum.
F. D. MERS."

At the same time the foregoing instrument, which relates to the property in question, was executed, Briant, as the agent of Yocum, leased the hotel to the plaintiff for one year. Briant, in his testimony, said: "The lease was of the same date as the agreement to reconvey, and both executed same date, December 16th, 1872," and it was in evidence that he received rent from the plaintiff. On the 14th day of July, 1875, Briant, who had in the mean time purchased the property of Yocum, executed and delivered to the plaintiff a deed therefor. On the 18th day of April, 1873, the day on which the property insured was destroyed by fire, the plaintiff had paid nothing under the written agreement of Yocum to reconvey. On this state of facts the defendant contends that the policy is void as to the building.

We think it quite clear from the record that the plaintiff had, at the time of the fire, only a leasehold inter-

1. AGREEMENT TO CONVEY REAL ESTATE.

est in the building. The instrument executed by Yocum, through his agent, Briant, was not a contract of sale, and conferred upon the plaintiff none of the rights of a vendee of the property in question, and, hence, does not come within the rule laid down in *Gaylord v. Lamar Fire Ins. Co.*, 40 Mo. 13. So far as appears, this instrument was without any consideration, in fact, was a simple gratuity, and conferred a mere privilege upon the plaintiff to redeem the estate upon the payment of a specified sum. It conferred a mere option and not a vested interest. By it no obligation is created, on the part of the plaintiff, to pay the sum named at the time specified, or at any time, and there is no evidence of any independent undertaking to that effect. That the parties, themselves, considered it a mere privilege, is manifested by the fact that plaintiff, at the time of receiving it, accepted the lease from Yocum of the very premises embraced in the agreement, and paid

rent therefor. It is quite evident, therefore, that the plaintiff went into possession as lessee and not as vendee; and that his interest was, at the time of the contract and the loss, a leasehold only. *Hand v. Insurance Co.*, 57 N. Y. 41.

We are next to consider whether the condition of the policy above recited has been complied with. A warranty

2. FIRE INSUR-ANCE: statement of the interest of the insured : warranty.

is a part of the contract, and must be exactly and literally fulfilled. It is in the nature of a condition precedent, and no inquiry is allowed into the materiality or immateriality of the fact warranted. *Loehner v. Home Mut. Ins. Co.*, 17 Mo. 255. Where a representation is inserted in the policy, or where it is referred to in the policy as forming a part thereof, the representation becomes a warranty. Flanders, 233, and cases cited. Conditions annexed to a policy of insurance are, likewise, a part of the policy, and are of the same effect as if incorporated in it. By the general law of insurance, the interest of the insured in the property is not required to be specifically described in the policy. *Franklin v. The Atlantic Fire Ins. Co.*, 42 Mo. 459. The object of the condition above cited undoubtedly was to require in all cases a representation as to the interest of the assured, and to make such representation a warranty. This condition is a reasonable and valid one. In the case last cited this court, in speaking of a similar clause in a policy then before it, said that its object, doubtless, was to protect the company against the danger of taking risks on the property insured for so large an amount in proportion to its value, or the value of the interest of the assured, as to furnish a temptation to fraudulent conduct. In that case it appeared that the assured correctly represented his interest in the property insured, but the agent failed to incorporate the representation in the policy, and it was held that the omission of the agent amounted to a waiver of the condition by the company. But it was also held that "if no disclosure of the nature of his title and interest had been

made, or if he had fraudulently concealed it, and then accepted the policy, the misrepresentation being of a matter material to the risk which the company had intended to assume, it would have amounted to a clear breach of warranty. This would have been a fraud on the company and the policy would have been void."

When, by the terms of the policy, no disclosure is required of the assured as to the extent of his interest, and no inquiry is made by the company in reference thereto, a lessee may, in effecting insurance, properly describe the premises as his, but his recovery will, in case of loss, be restricted to his qualified interest. *Niblo v. North American Fire Ins. Co.*, 1 Sand. 551, 561; *Fletcher v. Commonwealth Ins. Co.*, 18 Pick. 419; *Sussex Co. Mut. Ins. Co. v. Woodruff*, 2 Dutcher 541. But when a disclosure of the true interest of the assured, if the same is not absolute, is required to be made by a condition of the policy, such interest must be stated to the company, or the policy will be void. The acceptance of a policy containing the condition under consideration, without any representation as to title, or any statement of the specific interest of the assured, amounts to a declaration, on the part of the assured, that his interest is an absolute one. If the plaintiff had truly represented his interest in the property insured, the failure of the agent to incorporate it in the policy would not avoid the policy. But as it does not appear that the plaintiff stated his real interest in the building, he cannot recover for the loss thereof. The judgment must, therefore, be reversed and the cause remanded. Judges NAPTON and HENRY concur. SHERWOOD, C. J., and NORTON, J., dissent.

REVERSED.