TUDOR F. BROOKS, Respondent, v. STANDARD FIRE INSURANCE COMPANY, Appellant.

January 17, 1882.

1. Requiring one to sleep on the insured premises is not a compliance with a warranty in a fire insurance policy that the assured will keep a watchman there at night.

2. It is error to submit to the jury questions involving the construction of a written instrument: such questions are exclusively for the court.

3. A warranty is in the nature of a condition precedent in the contract, and no inquiry is allowed as to the materiality of the fact warranted.

APPEAL from the St. Louis Circuit Court, HORNER, J.
*Reversed and remanded.*

O. B. SANSUM, for the appellant.

GIVEN CAMPBELL, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is an action upon a policy of fire insurance on a flouring mill. It contains the following warranty in writing: " Warranted by the assured that there shall be a watchman kept on the premises at night and on Sundays." The evidence shows that no person was employed to watch in the mill at night, but that a person was employed by a company which occupied a part of the mill in the manufacture of itacolumite or emory wheels, to work for them during the day and to *sleep* in the mill at night. The court refused to instruct the jury that a person thus employed was not a watchman, but left it to them to say whether he was a watchman or not. We think this was error. We do not need a dictionary, nor a law-book, nor the testimony of an expert, to tell us that a man who is employed to work in the daytime, and who is permitted to sleep at night, is not a watchman at night. Where the construction of a contract upon which the rights of parties litigant depend is drawn in question, it is the duty of the court to expound its meaning to the jury, and it is error to leave its meaning to be determined by them; and if the construction of a contract is left to the jury, and they construe it wrongly, it will be ground for reversing the judgment. That was clearly the case here.

" A warranty is a part of the contract, and must be exactly and literally fulfilled. It is in the nature of a condition precedent, and no inquiry is allowed into the materiality or

immateriality of the fact warranted." *Loehner* v. *Insurance Co.*, 17 Mo. 255; *Mers* v. *Insurance Co.*, 68 Mo. 131. There was in this case no fulfilment of the warranty. There was, hence, upon the case as made by this record, no liability on the part of the defendant. *Glendale Woollen Co.* v. *Insurance Co.*, 21 Conn. 19; *First National Bank* v. *Insurance Co.*, 50 N. Y. 45.

This question being, in our judgment, decisive of the case, it is not right that we should take time which belongs to other suitors to examine the other questions made by the record. The judgment is reversed and the cause remanded. Judge BAKEWELL concurs; Judge LEWIS is absent.