# CASES DETERMINED

BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

### MARCH TERM, 1894.

MATTIE C. HUBBARD *et al.*, Respondents, v. THE NORTH BRITISH AND MERCANTILE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, March 5, 1894.

1. **Fire Insurance**: BREACH OF CONDITION AS TO TITLE. The fact that the insured has only a title bond for land does not constitute a breach of a condition in a fire insurance policy requiring him to own the land in fee simple, if the bond provides for an absolute and unconditional deed upon payment of the purchase money.

2. ——— : ———. But a further condition of the policy, requiring the insured to have the unconditional and sole ownership of the land, implies that the land is free of incumbrance, and it is therefore broken if the insured, in addition to having only such title bond, is still indebted for a part of the purchase price of the land when the insurance is effected. Nor will it matter in such case that the amount of the unpaid purchase price is small; the condition is equivalent to a warranty, which must be literally true.

3. ——— : WARRANTY AS TO VALUE OF HOUSE. Value being, generally speaking, a matter of opinion, a warranty in a policy of fire insurance with respect to the value of a house insured by such policy will not be broken by a slight overestimate, such as may be accounted for by a difference of opinion; and especially is this true, when the amount of the policy is within the actual value of the property, and the agent of the insurer has made a personal examination and survey of the premises before accepting the risk.

4. ———: CONDITION REQUIRING CERTIFICATE OF NEAREST MAGISTRATE. In addition to proofs of loss, a policy of fire insurance required the insured to furnish a stipulated certificate from the nearest magistrate or notary public. The insurer demanded, but the insured refused, compliance with this condition. *Held*, that a recovery under the policy was debarred thereby, unless the insurer at the time denied all responsibility under the policy.

*Appeal from the Mississippi Circuit Court.*—HON. H. C. RILEY, Judge.

REVERSED AND REMANDED.

*Russell & Deal* for appellant.

(1) The plaintiff can not avoid the effect of her warranty under her own contract by showing the presence of a soliciting agent; nor does the fact that he wrote the application relieve her. *Lama v. Ins. Co.*, 51 Mo. App. 447; *Mensing v. Ins. Co.*, 36 Mo. App. 602. (2) By her own testimony, she had not paid for the house and lot at the time of making application for the insurance, and had no deed. She then stated she had a fee simple title, but at the trial she says "almost" paid for. This being true, under the conditions of the policy it was void. *Shoup v. Ins. Co.*, 51 Mo. App. 286; *Mers v. Ins. Co.*, 68 Mo. 127. (3) The plaintiff's evidence shows that she misstated the value of the house insured. In her application she stated the value to be $600; in her evidence she says it was from $400 to $500. The statement in her application being a warranty, the plaintiff can not recover. (4) The failure of the plaintiff to furnish the requisite certificate of the nearest magistrate was also fatal to her right to recover.

*James A. Boone* and *George S. Elliott* for respondents.

(1) One may have a fee simple title to land without a deed. 4 Kent's Commentaries [4 Ed.], p. 481; 1

Washburn on Real Property [4 Ed.], p. 44; *Sensendorfer v. Kemp*, 83 Mo. 585. An equitable title is sufficient to satisfy the requirements of the warranty in applications for insurance of this kind. *Capital Ins. Co. v. Coldwell*, 10 South. Rep. 335; *Phœnix Ins. Co. v. Whiteleather*, 40 Ill. App. 60; *Kenton Ins. Co. v. Wigginton*, 12 S. W. Rep. 668; *Gaylord v. Lamar Ins. Co.*, 40 Mo. 16. (2) Representations as to value will not avoid the policy when made in good faith, such representations being merely expressions of opinion. *Kenton v. Ins. Co.*, 12 S. W. Rep. 668; *Roger v. Ins. Co.*, 23 N. E. Rep. 498. (3) Whether proof of loss was required or waived was a question for the jury to determine, and was properly submitted by instruction number 5. *Haggard v. Ins. Co.*, 53 Mo. App. 100.

BIGGS, J.—On the fourth of May, 1891, the defendant agreed with the plaintiff, Mattie C. Hubbard, to insure her frame dwelling house against loss by fire. The policy was for one year. The house was totally burned on the seventeenth day of September, 1891. The defendant having failed and refused to pay, the present action was instituted to recover the amount of the insurance, to wit, $400.

The action was defended on the ground that the assured in her application represented that the house was of the value of $600, when in fact its value did not exceed $300; that she represented that she had a fee simple title to the property, whereas she only held a contract for its purchase, and a portion of the purchase money remained unpaid; and that the plaintiff, when requested by the defendant so to do, failed to furnish to defendant a certificate of the nearest magistrate or notary to the effect that he had examined into the facts, and that he honestly believed that the assured had sustained loss to the amount claimed.

The replication put in issue the new matter. There was a verdict for the full amount of the insurance, which was followed by a judgment. The defendant has appealed.

The only errors complained of, and which are subject to review, are: *First*, the action of, the court in admitting and rejecting evidence; *second*, the refusal of the court to direct a nonsuit at the close of the plaintiff's evidence; *third*, that the court of its own motion gave improper instructions.

The second assignment of error must be sustained. The policy contained the following clause: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void, if * * the *interest* of the insured be other than *unconditional and sole ownership*; or if the subject of insurance be a building on ground not owned by the insured in *fee simple*." It is conceded that, at the time the insurance was taken out, the plaintiff had no deed to the lots upon which the house was situated, and that her title consisted of a bond for a deed. The deed was made after the fire. The statements of the plaintiff as to the date of the last payment on the lots are somewhat unsatisfactory, but, when her testimony is read as a whole, the conclusion is unavoidable that, at the time the property was insured, she owed a small balance of the purchase money which she paid before the loss. She was asked the following questions on cross-examination: "Q. You told him you had a good title to it? A. If I did not have a title to it, whose was it? Q. Don't ask me, I am not a witness; I am asking you. You told him you had a good title to the house and lot? A. It was so near paid for, it was the same thing. It was mine." On her re-examination the following question was asked: "Q. State whether or not you had almost paid for the lot before it was

insured? *A*. Yes sir, it was almost paid off."

The acceptance of the policy with the foregoing clause therein was equivalent to a warranty by the plaintiff that she had a fee simple title to the lots on which the house was built, and that she was the sole and unconditional owner. *Mers v. Ins. Co.*, 68 Mo. 127. A fee simple title is nothing more than the absolute ownership of property in perpetuity, and it may exist without a deed. The supreme court declared this in *Gaylord v. Ins. Co.*, 40 Mo. 13. The court had a similar clause in a policy under consideration, and, in discussing what was meant by "absolute owners in fee simple," said: "As to absolute or full ownership of the property, whether it were by virtue of a legal or equitable title, it would seem to have been left to the general law on the subject of the interest of the insured. If he were the owner at the time of the loss, that would be enough; if he were not the owner, there could be no recovery on the policy. Under a somewhat similar claim, it has been held that the '*absolute interest*' referred rather to the actual ownership than to the nature of the title, and meant a vested interest of which the owner could not be deprived without his consent, 'in contradistinction to a contingent or conditional interest.' *Haight v. Ins. Co.*, 29 Conn. 10. An equitable title, that would be protected by a court of equity as such, may be an ownership as absolute as the legal title. The clause does not concern the particular character of the owner's title."

We will assume that the title bond under which the plaintiff held was in the usual form, and that it provided for an absolute and unconditional deed when the purchase money was paid. This constituted the plaintiff the owner in fee simple of the lots within the meaning of the policy. But the warranty was broader than this. It was to the effect that the plain-

tiff was the *sole* and *unconditional owner* of the property. This implied that she had paid all of the purchase money for the lots, and that there was no other incumbrance on the property. The plaintiff's own testimony as preserved in this record shows that this portion of the warranty was broken. That the amount remaining unpaid was small can make no difference. Warranties in a policy of insurance can not be deviated from, whether they are material or not. *Halloway v. Ins. Co.*, 48 Mo. App. 1; *Maddox v. Ins. Co.*, 56 Mo. App. 343; *Brooks v. Ins. Co.*, 11 Mo. App. 349; *Loehner v. Ins. Co.*, 17 Mo. 255; *McCullough v. Ins. Co.*, 113 Mo. 606; *Mers v. Ins. Co.*, *supra*. Misrepresentations will not avoid a policy, unless found to be material to the risk, but not so as to warranties. They must be literally true. *Abbott v. Ins. Co.*, 3 Allen (Mass.), 213.

It appears from the plaintiff's testimony that the defendant's agent visited the house at the time the application for the insurance was made, and that he made a thorough examination of the building and its surroundings. But there is nothing in her testimony to show that she disclosed to him the nature and condition of her title. *Combs v. Ins. Co.*, 43 Mo. 148; *Breckinridge v. Ins. Co.*, 87 Mo. 62; *Franklin v. Ins. Co.*, 42 Mo. 456; *Roberts v. Ins. Co.*, 26 Mo. App. 92. Therefore, under any possible theory of law applicable to the facts proven there could be no recovery, and the court committed error in refusing to direct a nonsuit.

As the case is to be remanded and may be retried, we will briefly indicate our views concerning other questions presented by the record. It is claimed that the plaintiff falsely represented the value of the property, and that this avoided the policy. Generally speaking, the value of any species of property is a matter of opinion, unless it be some commodity which has

a well established market value. Parties in making contracts must be held to have contracted with reference to this. Therefore, a slight overestimate by the assured of the value of a house, such as might be accounted for by a difference of opinion, ought not to vitiate a policy of insurance. Especially is this true, if the amount of the policy is within the actual value of the property insured, and the agent of the insurance company made a personal examination and survey of the premises. If a stricter rule were applied, insurance contracts would afford but little, if any, security. *Ins. Co. v. Hall*, 15 B. Monroe, 411; *Catron v. Ins. Co.*, 6 Hum. 176; *Hersey v. Ins. Co.*, 27 N. H. 149; *Rice v. Ins. Co.*, 7 U. C. C. P. 548; *Bonham v. Ins. Co.*, 25 Iowa, 328; *Ins. Co. v. McDowell*, 50 Ill. 120. The over valuation may be so slight as to warrant the court in refusing to submit the question to the jury, and in other cases the over valuation may be so excessive as to authorize the court to direct a nonsuit.

In addition to notice and proof of loss the policy contained a provision that the plaintiff, if required, should in case of loss furnish the certificate of the nearest magistrate or notary public, to the effect "that he had examined the circumstances, and believed that the insured had honestly sustained loss to the amount that said magistrate should certify." The evidence tended to show without contradiction that the defendant made a written request of the plaintiff to furnish the required certificate, and that the plaintiff failed to do so. This would preclude a recovery, unless the defendant at the time denied all responsibility under the policy. *Baile v. Ins. Co.*, 73 Mo. 371; *Weber v. Ins. Co.*, 35 Mo. App. 521; *Fireman's Ins. Co. v. Crandall*, 33 Ala. 9; *Underhill v. Ins. Co.*, 6 Cush. 440.

Judgment reversed and cause remanded. All the judges concur.