JAMES T. HARNESS, Respondent, v. THE NATIONAL FIRE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, May 6, 1895.

1. Insurance: PLEADING: ASSURED'S INTEREST. A petition declaring on an insurance policy should allege an insurable interest in the insured both at the time he obtained his policy and at the time of the loss. The failure to do so is fatal.

2. ———: ———: TITLE BOND. A person in possession of real estate, holding a bond for title upon payment of the purchase money, is not the sole, entire and unconditional owner thereof and has no insurable interest as such owner, following Hubbard v. Ins. Co., 57 Mo. App. 1.

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED (*in part*).

| 62 | 245 |
| 65 | 77 |
| 62 | 245 |
| 71 | 76 |
| 62 | 245 |
| 72 | 75 |
| 62 | 245 |
| s76 | 411 |
| 78 | 304 |
| 80 | 591 |
| 62 | 245 |
| 90 | 376 |
| 62 | 245 |
| 93 | 1286 |

*Fyke, Yates & Fyke* for appellant.

(1) The petition fails to state facts sufficient to constitute a cause of action. It does not allege that the plaintiff had any insurable interest in the property, either at the time of the loss or at the time the policy was issued. As to the personal property there is no allegation of any kind of this nature. As to the building, the only allegation is that the defendant insured "his" one-story frame dwelling. This is insufficient. *Commercial Ins. Co. v. Dunbar*, 26 S. W. Rep. (Tex.) 628; 2 May on Insurance, sec. 590; *Fowler v. Ins. Co.*, 26 N. Y. 422; *Lane v. Ins. Co.*, 28 Am. Dec. 151; *Hardwick v. Ins. Co.*, 20 Ins. Law Journal, 751; *Dickerman v. Vt. Mut.*, 30 Atl. Rep. 808. (2) One who holds land under a bond for a deed when the purchase money is paid, is not the "sole, entire and unconditional owner" thereof. There can, therefore, be no recovery in this case for the loss of the building. *Hubbard v. Ins. Co.*, 57 Mo. App. 1; *Hinman v. Ins. Co.*, 36 Wis. 159; *Farmers' Co. v. Curry*, 13 Bush (Ky.), 312; *Benard v. Ins. Co.*, 27 Mo. App. 32.

*J. D. Shewalter* for respondent.

(1) The petition need not allege any fact which is not necessary for plaintiff to prove, and only the substantive facts necessary to constitute the cause of action need be stated. *Crane v. Railroad*, 87 Mo. 587; R. S., sec. 2055. (2) There is such a thing as a sole and absolute ownership in equity as well as at law, and such owner in equity is, within the meaning of a policy of insurance, the sole and absolute owner. This has been repeatedly and uniformly held by our courts. *Lingenfelter v. Ins. Co.*, 19 Mo. App. 252; *Gaylord v. Ins. Co.*, 40 Mo. 13; *Hubbard v. Ins. Co.*, 11 Am. Rep.

125; *Russell v. Ins. Co.*, 55 Mo. 593; *Mers v. Ins. Co.*, 68 Mo. 127.   These decisions are fully sustained by the following authorities to the effect that possession under a contract of purchase constitutes sole ownership, within the meaning of a policy of insurance.   5 Bosw. (N. Y.) 247; 42 Ga. 387; 9 R. I. 414; 17 Blatchf. (U. S.) 527; 129 Mass. 185; 74 Maine, 537; 17 Iowa, 176; 20 Pick. (Mass.) 259; 54 N. Y. 354; 117 Pa. St. 460 and 548; 16 Wend. 385; 5 Sneed (Tenn.), 159; 102 Pa. St. 529; 6 Cush. (Mass.) 448.

ELLISON, J.—This action is based on a policy of insurance, whereby defendant insured plaintiff against loss by fire.   The property insured was a dwelling house, insured for $700, and household furniture for $800.

The petition fails to state any insurable interest in the personal property in plaintiff.   It fails to allege any interest whatever in such property.   The law requires that the assured must have an interest in the property insured, otherwise policies of insurance would partake of the nature of gambling or wagering contracts.   So it is necessary that the plaintiff should have, and should allege, such an interest as is an insurable interest, when he obtained the policy; and he ought to allege such interest at the time of the loss.   *Fowler v. Ins. Co.*, 26 N. Y. 422; *Hardwicke v. Ins. Co.*, 20 Ore. 547; *Lane v. Ins. Co.*, 12 Mo. 44; *Commercial Ins. Co. v. Dunbar*, S. C. Texas, May 2, 1894, 26 S. W. Rep. 628; *Dickerman v. Ins. Co.*, S. C. Vermont, Dec. 3, 1894, 30 Atl. Rep. 808.   In the case last cited, the court said that: "It is essential to the sufficiency of the counts that they should allege an insurable interest in the plaintiffs at the time the policies are issued, and also at the time of loss.   In respect to the time of issuing the policies, it is alleged that the defendants

promised the plaintiffs to pay them certain sums named, if their buildings, situate, etc., were destroyed by fire between certain dates. It is doubtful whether this is a sufficiently definite and positive allegation of insurable interest. The authorities differ about it, and it is not necessary to decide the question; for the counts are bad in not alleging such interest at the time of loss, concerning which they contain no allegation whatever."

For this defect, the judgment as to the personal property will be reversed and the cause remanded.

2. Since the real estate and the personal property were insured on a separate valuation (though for a gross premium) we will, under the case of *Crook v. Ins. Co.*, 38 Mo. App. 582, proceed to consider whether the plaintiff may not recover for the loss of the dwelling house.

The policy contained a provision that, "If the assured is not the sole, entire and unconditional owner of the property" the policy shall be void. The evidence disclosed that plaintiff's title to the realty (the house and the land upon which it was situated) was a title bond—a contract of purchase—whereby, upon payment of $900, he was to receive a deed of conveyance. It further showed that he had paid $50 on the purchase and yet owed the remainder, which was, of course, a charge upon the property. From this it is apparent that the assured was not the *sole, entire* and *unconditional* owner of the property. *Barnard v. Ins. Co.*, 27 Mo. App. 26. The interest which a party asking insurance has in the property to be insured is a matter of the first importance. For, upon such interest depends the action of the insurer as to the amount of insurance, or whether insurance for any amount will be taken. If small interests can be covered by large insurance, while the insurer is deceived as to the nature of the interest, it is easy to see the evil consequences which

would result.. The exact question here involved was before the court of appeals at St. Louis, where it was held, in a case very like this, that there could be no. recovery. *Hubbard v. Ins. Co.*, 57 Mo. App. 1.

The result is that plaintiff has no case as to the loss on realty and we reverse the judgment as to the dwelling house, and, as before stated, reverse the judgment and remand the cause, as to the personal property. All concur.