——: pleading: petition.

---

**MISSOURI SAVINGS ASSOCIATION, Respondent, v. GERMAN-AMERICAN INSURANCE COMPANY, Appellant.**

**Kansas City Court of Appeals, January 10, 1898.**

**Insurance:** TITLE: PARTNERSHIP NAME. A deed to a partnership under its name of Park Company conveys such an absolute and equity title as to take the property out of the stipulation of an insurance policy requiring unconditional and sole ownership in the assured.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

(1) The conveyance from Bayha to the Merriam Park Lodge Company was and is void and passed no

title. The Merriam Park Lodge Company was not a corporation; never was incorporated, either before or since the conveyance. *Douthitt v. Stinson*, 63 Mo. 268. A deed made to a firm in the firm name conveys no title. *Arthur v. Weston*, 22 Mo. 378; *Land Ass'n v. Schaller*, 10 Minn. 338. (2) "A fee simple title is a freehold estate of inheritance, free from conditions and of indefinite duration. It is the highest estate known to the law, and is absolute, so far as it is possible for one to possess an absolute right of property in lands." Tiedeman on Real Prop., sec. 36, p. 23.

*S. Carkener* and *Leon Block* for respondent.

(1) Before the policy was issued, Mr. Bayha, the owner of the legal title, executed a deed to the partnership in its partnership name. The policy of insurance was issued in Kansas and the property in question is located in Kansas, and under the decisions of that state, the deed from Bayha to the Merriam Park Lodge Company vested the title in the co-partnership. *Lumber Co. v. Ashworth*, 26 Kan. 212. (2) But if the legal title did not pass by this deed, then Bayha was simply a trustee, holding the bare legal title for the benefit of the partners, who held the full equitable title. *McMurray v. Fletcher*, 24 Kan. 574. (3) An equitable title, that would be protected by a court of equity as such, is an ownership as absolute as the legal title. The clause does not concern the particular character of the owner's title. *Gaylord v. Ins. Co.*, 40 Mo. 13, at page 17; *Hubbard v. Ins. Co.*, 57 Mo. App. 1; *Travis v. Ins. Co.*, 47 Mo. App. 482; *Travis v. Ins. Co.*, 32 Mo. App. 198. After the making of this contract and deed by Bayha, it left him without the insurable interest in the property, which this and the ordinary insurance policy requires, since the full equitable title thereby passed to the partnership. *Barnard*

*v. Ins. Co.*, 27 Mo. App. 26; *Ins. Co. v. Mfg. Co.*, 31 Mich. 346, at p. 357; *Hough v. Ins. Co.*, 28 Conn. 10; *Harness v. Ins. Co.*, 62 Mo. App. 245; *Longfellow v. Ins. Co.*, 19 Mo. App. 253, at page 268.

Gill, J.—This is a suit on an insurance policy issued December 1, 1894, to the Merriam Park Lodge Company, which was the name of a partnership composed of four individuals, Bayha, List, W. B. and M. P. Sexton. The policy was assigned to the plaintiff after the loss occurred.

The title of the property formerly stood in the name of said Bayha, though it belonged to the then existing firm of Bayha & List. On the twenty-fifth day of October, 1894, Bayha and List joined the Sextons in forming a co-partnership to conduct a sanitarium; and according to agreement the building in question, and lot on which it was situated, was turned into the partnership at a valuation of $3,500. And in pursuance of this understanding said Bayha, on November 29, 1894, made a deed conveying the lot and building to the partnership name of Merriam Park Lodge Company. In a few days thereafter the policy was obtained, and subsequently the fire occurred.

On a trial by the circuit court without a jury plaintiff had judgment and defendant appealed.

The defense is based on the ordinary stipulation in the policy, providing that the same "shall be void if the interest of the insured be other than unconditional and sole ownership, or if the subject of the insurance be a building on ground not owned by the insured in fee simple;" the contention being that the so-called "Merriam Park Lodge Company" (the insured named in the policy) was not such an entity, corporate or otherwise, as could take title to real estate, and that there-

INSURANCE: title: partnership name.

OCTOBER TERM, 1897. 161

Mich. Sav. & Loan Ass'n v. Trust Co.

fore the insured did not have the fee simple ownership of the property insured.

Whatever may be said as to the capacity of the lodge company to take a conveyance of the legal title to the property, it is nevertheless clear that the parties who were doing business under that name were the absolute, equitable owners of the property, and held the same free of all conditions or claims of other parties. And it has been repeatedly held that such ownership is sufficient to answer the demands of a policy such as we have here. *Gaylord v. Ins. Co.*, 40 Mo. 13; *Lingenfelter v. Ins. Co.*, 19 Mo. App. *loc. cit.* 268; *Hubbard v. Ins. Co.*, 57 Mo. App. 1.

The judgment is therefore affirmed. All concur.