JAMES T. HARNESS, Respondent, v. NATIONAL FIRE INSURANCE COMPANY, Appellant.

### Kansas City Court of Appeals, November 7, 1898.

Insurance: PROOFS OF LOSS: AUTHORITY OF LOCAL AGENT. Local agents of an insurance company have authority to waive proofs of loss either in writing or by parol, or by matters *in pais*, which amount to an estoppel; and the facts in this case establish such waiver. Following Nickell v. Ins. Co., 144 Mo. 420.

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

FYKE, YATES & FYKE for appellant.

The statements made by local agent Chinn as tending to show a waiver of proofs within the sixty days were inadmissible. A local agent has no implied authority to bind the company with reference to loss matters and can not waive the rendition of proofs in the absence of a showing conferring actual authority upon him for such purpose. Nickell v. Ins. Co., Kansas City Court of Appeals, February 3, 1896; not yet reported; McCollum v. Ins. Co., 65 Mo. App. 304.

J. D. SHEWALTER for respondent.

The facts shown in this case amount to a waiver, as held by this court and virtually admitted by the defendant in his brief. Waiver need not be expressly pleaded. It is in the nature of performance. This has been so repeatedly and uniformly held by both our supreme court and this court that we cite no

authorities as an offset to those cited by the defendant from other states.

GILL, J.—When this case was here before, 62 Mo. App. 245, the judgment was reversed as to the dwelling house insured, and reversed and remanded for another trial on the count relating to the personal property— the fault in the latter count being that it failed to allege an insurable interest in the plaintiff.  At a second trial in the circuit court the cause was submitted on a petition curing the defect pointed out, plaintiff had a verdict and judgment for $881 on the count covering the personal property, and defendant appealed.

The decisive question is, whether or not the defendant waived proofs of loss within the sixty days provided in the policy—it being conceded that plaintiff failed to make the proofs within such time.  To establish this waiver plaintiff introduced evidence tending to prove that immediately after the fire, and repeatedly during the sixty days, defendant's local agent had informed plaintiff that the company's adjuster would be there to settle the loss, and that he (the plaintiff) need not make the proofs of loss—that it was unnecessary, etc.; and that relying on this assurance, plaintiff had let the time required for proofs of loss go by.

It was objected by defendant's counsel that the company's local agent had no authority as such to waive proofs of loss.  We have withheld a decision in this case until the supreme court should have passed on that identical question.  In Nickell v. Ins. Co., 144 Mo. 420, it was held, after a full review of conflicting authorities, that such local insurance agents had authority to waive proofs of loss.  At the conclusion of a lengthy opinion by the court, it is said:  "The weight of authority, of analogy and of reason and justice, supports the authority of such local agents to waive proofs

of loss, either in writing or by parol or by matters *in pais* which amount to an estoppel."

Adopting then this view of the law, we hold that there was ample evidence to establish a waiver of proofs of loss in this case, and that the trial court in that matter ruled correctly. This calls for an affirmance of the judgment.

We notice some technical criticism as to the form of the petition, but discover no merit in such objections. Judgment affirmed. All concur.