## J. J. BRADLEY, Respondent, v. GERMAN-AMERICAN INSURANCE COMPANY, Appellant.

**Kansas City Court of Appeals, Jan. 11, 1897, and Dec. 2, 1901.**

1. **Insurance: SOLE OWNERSHIP: TRUSTEE FOR SYNDICATE:** Plaintiff took the title to certain lots in trust for himself and five others with the agreement that he was to manage and sell the property and divide the proceeds and convey to each one his part of any remaining portion of the property. *Held*, he was not a sole owner within the meaning of that term in an insurance policy.

2. **———: KNOWLEDGE: BROKER.** An insurer is not bound by the knowledge of the broker who takes out the insurance for the insured. So where a member of a syndicate takes out insurance in the name of the trustee, the insurer will not be affected with his knowledge of the respective rights of the trustee and the syndicate.

Vol 90 app—24

3. **Appellate Practice:** JURISDICTION: MANDATE. On the authority of Bradley v. Milwaukee Insurance Company, a mandate in this cause is ordered.

Appeal from Howard Circuit Court.—*Hon. Jno. A. Hockaday,* Judge.

REVERSED AND REMANDED.

GILL, J.—This is a suit on a policy of insurance, covering a two-story brick building in the town of Higbee, Missouri. It was tried by the court below, jury being waived, and resulted in a judgment for plaintiff for $2,040 (which was the amount of the policy and interest), and defendant appealed.

I.   The defense pleaded and relied on was that plaintiff misrepresented his interest in the property insured and that he was not the unconditional and *sole owner*—basing said defense on the following recitals and provisions of the policy:

The policy, in describing the property insured for Bradley, states it as "$1,750 on *his* two-story composition roof brick building," situated on certain lots in Higbee, and "$250 on *his* counters, shelving," etc., contained in said building.   It was then further agreed by the terms of the policy that "this entire policy shall be void if the interest of the insured in the property be not truly stated herein."   And, further, that "this entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void … *if the interest of the insured be other than unconditional and sole ownership;* or if the subject of insurance be a building on ground not owned by the insured in fee simple."

It is contended on the part of the defendant that the undisputed evidence shows that Bradley, the insured, was not, at the date of the policy, the absolute, unconditional, and *sole* owner of the building insured and that by the terms, therefore, of the contract the policy was void.   And after a care-

ful review of the record, we feel bound to yield to this contention.

The testimony clearly, and without contradiction, establishes that at the time this insurance was effected and the policy was taken out in the name of plaintiff Bradley, he (Bradley) was not the *sole owner* of the property insured. At that time it belonged to a syndicate or combination of persons of whom Bradley was one. It is true he held the legal paper title, but there were others interested in the property and the plaintiff was the real owner of only a fractional interest. He held the record title merely to facilitate the transfer of such parts of the fifty-six acres of land as the syndicate had bought and which was held for speculative purposes and was to be platted into lots and sold from time to time which occasion offered. The nature of the deal is told in the testimony given by plaintiff Bradley. In addition to the statement that the syndicate who purchased the property was composed of Denham, Rucker, Foux, Evans, Adams and himself, he further testifies: that "when this property was purchased, there were fifty-six acres of land in connection with these lots (meaning the lots described in the policies) that was purchased on which this building was erected. This land was bought for the purpose of being cut up into lots and being sold. And on considering the matter it was found that it would be very inconvenient in selling the lots to get so many signatures to the deeds that it would necessitate, if all the parties had an interest in it, for all of them to sign the deeds that were made to the lots as they were sold. And so it was concluded to give me the money to buy the property with and to give me the whole right to handle and dispose of it as I thought best; that I should sell the lots and wind up the business at such time as I thought best and after I had closed it out I should give each party such interest in the profits or such portion of the land that was left, that is, to give each one an equal share in

the general outcome of the business. If the property was all sold, the proceeds were to be divided among all the parties equally." "Q. Or if any real estate was left over and not sold that was to be deeded share and share alike to the various parties in the enterprise? A. That is about it, I guess." The building was erected with money arising partly out of the sale of lots and partly from a loan effected on the joint note of different members of the syndicate. This now was the condition of the property at the issuance of the policy, and, it seems, remained so up to the time of the fire.

Under the facts proved it can not be successfully claimed that the insured, Bradley, had the *sole* ownership of the property covered by the policy. His associates were joint owners with him. He held the title in trust for the members of the syndicate. They were, in equity and in fact, each the owner of an undivided one-sixth of the property including the building insured and destroyed. These interests, too, were insurable in the name of each respective owner. Accordingly, then, under the provisions of the contract, the policy was void and plaintiff can not recover. The following, with other cases cited by defendant's counsel, may be consulted. Hubbard v. Ins. Co., 57 Mo. App. 1; Barnard v. Ins. Co., 27 Mo. App. 26; Mers v. Ins. Co., 68 Mo. 127; Baumgarten v. Guessfeld, 38 Mo. 36.

It seems that the policy in suit was obtained by Denham from the defendant's agents at Moberly, Missouri. Denham was the cashier of the Citizen's Bank at Higbee and was one of the parties who joined Bradley in the land deal; and it is now suggested in plaintiff's brief, that as Denham, at the time the policy was issued, understood the nature of Bradley's interest and knew that he was not the sole owner of the property, the defendant company is charged with such knowledge and is to be deemed as having waived the condition of the policy as to Bradley's sole ownership.

There is no ground for this contention, for the very obvious reason that Denham was not defendant's agent in the matter of securing the policy.    He acted as agent for the insured and not the insurer.    At most he was only a broker representing Bradley and the defendant is not bound by such broker's knowledge.    2 Biddle on Ins., 1077.

The judgment will be reversed and cause remanded. All concur.

### MOTION FOR REHEARING.

BROADDUS, J.—This case being the same as to the facts and law as the case of J. J. Bradley v. Milwaukee Mechanics' Insurance Company, 90 Mo. App. 349, it is determined by the opinion in that case. Motion for redocketing and rehearing overruled and mandate ordered.    All concur.