W. C. COLE, Appellant, v. NIAGARA FIRE INSURANCE COMPANY, Respondent.

Kansas City Court of Appeals, June 24, 1907.

INSURANCE: Sole and Unconditional Owner: Equitable Title: Insurable Interest. A vendee bought certain property and made some payments and agreed to make other deferred payments and assumed a note of her vendor secured by deed of trust. She then contracted with plaintiff to construct a house on the lots. He, without her knowledge, took out a policy in her name on the proposed building, payable to him as his interests might appear. The property was burned. *Held,* the vendee was not the sole and unconditional owner as not only the legal title was outstanding but a part of the equitable title to the note holder and to her vendor, and in fact the policy was not the contract of the vendee but of the builder.

Appeal from Jackson Circuit Court.—*Hon. Jackson L. Smith,* Special Judge.

AFFIRMED.

*C. S. Owsley* and *L. W. Byram* for appellant.

(1) If the insured possesses the equitable title to the premises, the fact that the naked legal title which he had a right to compel to be transferred, will not amount to a breach of the condition that his title is not other than sole and unconditional ownership. Lingenfelter v. Insurance Co., 19 Mo. App. 252; McCoy v. Insurance Co., 107 Iowa 80; Gayland v. Insurance Co., 40 Mo. 13; Lamb v. Insurance Co., 70 Iowa 238; Davis

v. Furniture Co., 102 Wis. 394; Insurance Co. v. Strain, 24 Ky. 958; Baker v. Insurance Co., 31 Oreg. 41; 65 Am. St. Rep. 807; Pelton v. Insurance Co., 13 Hun (N. Y.) 23; Insurance Co. v. Crockell, 7 Lea (Tenn.) 725. (2) Any interest in property is insurable and a bona fide equitable interest in property, of which the legal title is in another, may be insured, unless thereby false information or representation, or a concealment after inquiry of the true state of the property. Morrison v. Insurance Co., 18 Mo. 262; Boulware v. Insurance Co., 77 Mo. App. 646; Insurance Co. v. Abrams, 61 U. S. App. 276, 86 Fed. 932; 4 L. R. A. (N. S.) 234. (3) The appending to a policy of insurance providing for payment of loss, if any, to a designated third person, as his interests may appear, removes the necessity for specific statements of the payee's interest, the policy amounting to a waiver of such a requirement. Johnson v. Insurance Co., 106 Mich. 96; Insurance Co. v. Davis, 56 Neb. 684; DeWolf v. Insurance Co., 16 N. Y. (Hun) 116; Rumsey v. Insurance Co., 1 Fed. 396. (4) The insured is under no obligations to make disclosures concerning liens and incumbrances outstanding against the insured property, unless specific inquiries in regard thereto are made by the insurer or demanded by the policy, but if the applicant undertakes to make any representation concerning the presence or absence of incumbrances the policy will be voided if false statements are made. Jamison v. Insurance Co.. 85 Iowa 229; Buck v. Insurance Co., 76 Me. 586; Insurance Co. v. Hughes, 108 Fed. 497; Stamping Co. v. Insurance Co., 20 N. Y. Supp. 646; Warner v. Assurance Co., 21 Conn. 444; Boulware v. Insurance Co., 77 Mo. App. 639; O'Brien v. Insurance Co., 52 Mich. 131; Haws v. Fire Assn., 114 Pa. St. 31; Couch v. Insurance Co., 32 Tex. Civ. App. 44; Insurance Co. v. Kidd, 55 Fed. 238; Senor v. Insurance Co., 181 Mo. 104. (5) When an insurance company consents to the assignment

of a policy of insurance it thereby creates a new contract between itself and the assignee and thereby to be considered as having waived all defenses against the assignor not inherent in the interest of the assignee acquired from the assignor and amounts to a new policy to the assignee and a notation made on the policy at the request of the assignee, "Loss, if any, payable to the mortgagee" will amount to a confirmation of the policy in the hands of the mortgagee. Insurance Co. v. Stanton, 57 Ill. 345; Kimball v. Insurance Co., 70 Iowa 513; Collins v. Insurance Co., 10 Gray 155; Lewis v. Insurance Co., 63 Iowa 193; Northup et al. v. Insurance Co., 47 Mo. 345; Senor & Muntz v. Insurance Co., 181 Mo. 104; Hastlings v. Insurance Co., 73 N. Y. 141.

*Meservey, Pierce & German,* for respondent, filed argument.

BROADDUS, P. J.—This is a suit on a fire insurance policy issued to Mrs. Allia E. Clark on a building erected on two certain lots in Kansas City, Missouri, the amount of the insurance being $2,045.35. At the time of the issuance of the policy the title to the lots was in the Dudley Realty Company. The latter, on the 25th of May, 1903, contracted for a sale to her of said lots for a consideration of $480.00. She paid $20.00 in cash and agreed to pay $10.00 monthly until she paid the sum of $250.00 and for the balance of the consideration she assumed to pay two notes for $115.00 each executed by the Realty Company to Joseph Wenzel and secured by a deed of trust on said lots.

After the purchase by Mrs. Clark of the lots she contracted with the plaintiff to erect a building thereon, for the cost of which, August 22, 1903, she executed a note payable to him for the sum of $2,405.35, bearing 8 per cent interest and due November 1, 1903. On said last named date and after the execution of the note and deed of trust to him, the plaintiff went to the office

of the agent of the defendant and exhibited an insurance policy issued to Mrs. Clark for an improvement on the lots and asked for a new policy for the sum of $2,000 on the building he had erected, which was issued in the name of Mrs. Clark, and the former policy was canceled. This was done without the authority of Mrs. Clark, who had no knowledge of the matter whatever and to whom the policy was not delivered before the building was destroyed by fire on the 29th of October, 1903. On November 4, 1905, the deed of trust from the realty company was foreclosed and the property sold to W. T. Latham and a deed was executed by the trustee conveying the title to the purchaser.. At the time of the fire and at the institution of the suit, the note of Mrs. Clark was held by the Bruce Lumber Company as collateral security for a debt which the plaintiff owed said lumber company. The evidence showed that Mrs. Clark had not at the time of the fire completed paying her indebtedness to the said realty company and that she had assumed to pay to Wenzel.

The policy provides that it shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning the insurance or the subject thereof; or if the interest of the insured in the property be not truly stated; or if the interest of the insured be other than an unconditional and sole ownership; or if the subject be a building on ground not owned by the insured in fee simple. The policy provides for payment to the plaintiff as his interest might appear. The cause was tried by the court, the parties having waived a jury. The finding and judgment were for the defendant and plaintiff appealed.

The plaintiff contends that as Mrs. Clark had the equitable title to the lots, the fact that the naked legal title was in another did not amount to a breach of the condition of the policy to the effect that she was the sole and unconditional owner of the property. The

trouble about the plaintiff's contention is that it is not based upon the facts of the case. The outstanding title was not a mere legal title. The legal title was in the trustee in trust in the first instance in favor of Joseph Wenzel to secure the payment to him of $300.00, which was not paid at the time of the fire. In the second place, the equity in favor of the Realty Company was in the trustee to secure that company for the deferred payments Mrs. Clark was indebted to it for the balance of the purchase money which was also unpaid at the time of the fire and at the time of the trial. The equities of Mrs. Clark were subsidiary to those of both Joseph Wenzel and the said Realty Company, prior equities. She was never at any time in a condition to enforce a claim to the legal title. So not only the legal title was outstanding, but prior equities were at all times subsisting before the issuance of the policy and continued to exist afterwards down to the time of the trial. She was not the sole and unconditional owner of the property as contemplated by the policy. And she was not the owner of such equities as would authorize a court of equity to vest in her the legal title to the lots. "A person in possession of real estate, holding a bond for a title upon the payment of the purchase money, is not the sole, entire and unconditional owner thereof and has no insurable interest as such owner." [Harness v. Insurance Co., 62 Mo. App. 245; Hubbard v. Insurance Co., 57 Mo. App. 1.]

Furthermore, the contract while made in the name of Mrs. Clark, was in fact not a contract on her part. She had nothing to do with it in any manner. It was made solely at the solicitation of plaintiff and without her knowledge.

Other questions raised are not important for the purposes of the case, for which reason we do not consider them. Affirmed. All concur.