JOHN W. CALDWELL *et al.*, Respondents, v. DWELLING HOUSE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, January 29, 1895.

Insurance, Fire: DELIVERY OF PROOFS OF LOSS BY REGISTERED MAIL. A policy of fire insurance required the delivery of proofs of loss within thirty days at Boston. Proofs in proper form were mailed to Boston by registered letter, and arrived at the postoffice in that city on the thirtieth day. The insurance company had a box at that postoffice, but did not call for the letter, which was delivered at its office on the thirty-first day. *Held,* that a delivery of the proofs in due time was established.

*Appeal from the Pike County Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

Proofs of loss are not rendered to the company when deposited in the postoffice, but when actually received by it. *Central City Co. v. Oates*, 86 Ala. 558; *Hodgkins v. Montgomery Co.*, 34 Barb. 213; *Maddox v. Ins. Co.*, 56 Mo. App. 343; Ostander, Fire Insurance, sec. 193. The post or express used by the insured in transmitting his proof is the agent of the sender, and he assumes all risks of delivery in time. *Village of Marseilles v. Howland*, 26 N. E. Rep. 495; *Allen v. Hartnett*, 22 S. W. Rep. 717.

*Clark & Dempsey* for respondents.

Failure to make proof of loss in cases of policies containing provisions similar to one in this case has not the effect to work forfeiture but to postpone right of action. *Steele v. German Ins. Co.*, 53 N. W. Rep. 514; *Tubbs v. Dwelling House Ins. Co.*, 48 N. W. Rep. 296; *Rynalski v. Ins. Co.*, 55 N. W. Rep. 981; *Kenton Ins. Co. v. Downs*, 13 S. W. Rep. 882. On right to use mails, see *Cromwell v. Phœnix Ins. Co.*, 47 Mo. App. 109; *Backman v. Brown*, 56 Mo. App. 396; *American Central Ins. Co. v. Hawk*, 11 Atl. Rep. 107.

BOND, J.—Plaintiffs' barn and granary were insured by defendant for $550, and both were totally destroyed by fire on the morning of October 14, 1892, while covered by the policy. Plaintiffs gave a written notice of the fire to defendant on the following morning, and also prepared proofs of loss in proper form

Caldwell v. Dwelling House Ins Co.

and enclosed the same in a register letter addressed, as required in the policy, to the defendant at its home office in Boston.    This letter was deposited in the post-office at Elsberry, Missouri, November 9, 1892, as shown by the postmaster's receipt therefor of that date.    This postoffice was on the line of railroad to St. Louis, and distant less than seventy miles from that city.    There was undisputed evidence that a registered letter could be carried from  Elsberry to Boston *via* St. Louis inside of forty-five hours.    The registered letter in question was received at the postoffice in Boston at 6.45 A. M. of November 13, 1892, and it was shown to have been  delivered on the  following day to the general  clerk of defendant, whose  duty it was to get the mail at the postoffice.

The policy contained the following stipulations:

"In case  of loss of damage under this policy the insured shall give  immediate  notice thereof in writing to this company,    *   *   *    and within thirty days after the loss or  damage by fire or lightning,  shall render a statement  to this company, signed and sworn to by said insured, stating," etc.

"And the  loss shall not be payable until after sixty days after the notice, ascertainment  and satisfactory proofs of loss herein  required have been received by the company at its his home office in Boston."

"No suit or  action to this  policy for the  recovery of any claim  shall be  sustainable in  any court of law or equity, unless the insured shall  have complied with all the foregoing requirements."

Plaintiffs had  judgment in the  circuit court, from which defendant appealed.

The only point made in this court  by appellant is that the  "proofs of loss"  were actually received by it "one day  too late"  to entitle respondent, under the stipulations of the policy,  to  bring  an  action for the

loss insured against. If this objection has any merit it is a bare technical one, since it is not pretended that any provision of the policy in suit was violated, or that the loss suffered by appellant was not *bona fide* and to the full extent disclosed in the proofs of loss, which were conceded to be made out in strict accordance with the requirements of the contract of insurance. The objection, however, under the facts of this record is destitute even of any technical force. The mailing by the assured of due and proper "proofs of loss" on November 9, 1892, correctly addressed, was four days before the expiration of the thirty days after the date of the loss (October 14, 1892) within which, by the stipulation of the policy, the assured was required to "render a statement to appellant," and the presumption is that such proofs were received in due course of mail.

Appellant's own witnesses testified that the registered letter was received at the postoffice in Boston at 6:45 A. M. of November 13, 1892, within thirty days specified in the policy. That it further appears that appellant's mail clerk did not call for the letter at the postoffice until the next day, can not be imputed as the fault of the assured. The letter was, in fact, actually received at the postoffice at Boston, and ready to be delivered, on the day of its reception, if appellant had called for it that time; and it would be an unwarrantable construction of the stipulation in the policy to hold that appellant could rely on a delay beyond the time fixed therein, caused by failure on its part to demand a letter which had reached the postoffice within the period limited in the stipulation, as a ground to defeat a recovery for a loss covered by its policy. As it appears, therefore, from the conceded evidence that the "proofs of loss" arrived at the postoffice in the city of Boston within the time fixed in the stipulation, *supra*, for rendering the statement to defendant,

and that appellant would have received such proofs in time, if it had called for them at the postoffice, there is no merit whatever in the objection that they were not actually delivered at its place of business until the next day. Besides, the defendant was advised by the previous *notice of loss* that the loss occurred October 14, 1892, and, therefore, knew that, if plaintiff complied with his duties under the policy, proofs of loss should be at the Boston postoffice on the thirteenth of November, which was in fact true. The defendant can not by delaying to call for the proofs under these circumstances, work a forfeiture. It might as well delay for the calling of the proofs on the succeeding day, and thus work a forfeiture. The proof shows that the defendant had a box at the postoffice, and it nowhere shows that the *notice* of the registered letter was not in that box in time on Sunday to have enabled the clerk of the defendant to get the package on that day, had he called for mail in the box.

Neither is there anything in *Maddox v. Insurance Company*, 56 Mo. App. 343, to sustain a contrary view. In that case the proofs of loss were not sent within the currency of the thirty day limit, although the assured had ample time given, upon a return to him of certain defective proofs, to comply with his policy in this respect. It was there said: "He failed to do so, and the proofs, owing to the admitted negligence of the plaintiff or his agent, did not reach the defendant until eighty-four days after the destruction of the premises by fire." In the present case, the facts, as we have seen, were essentially different; nor was there any negligence on the part of the assured. The result is that the judgment herein will be affirmed. All concur.